# Exhibit A

CLEMENT ROBERTS (CSBA # 209203)
DANIEL S. GUERRA (CSBA # 267559)
KOUROSH JAHANSOUZ (CSBA # 292559)
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
Telephone:     (415) 773-5700
Facsimile:      (415) 773-5759
croberts@orrick.com
dguerra@orrick.com
kjahansouz@orrick.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, | Case No. 4:19-cv-06812-JST |
| Plaintiff, | Related Cases:  No. 4:19-cv-06013-JST |
| | No. 4:19-cv-06812-JST |
| v. | |
| DAVID BERNHARDT, U.S. Secretary of the Interior; U.S. FISH AND WILDLIFE SERVICE; WILBUR ROSS, U.S. Secretary of Commerce; and NATIONAL MARINE FISHERIES SERVICE, | **DECLARATION OF MARK WALDEN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| Defendants. | |

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

I, Mark Walden, make this Declaration pursuant to 28 U.S.C. § 1746:

1.      The facts set forth in this Declaration are based on my personal knowledge. If called as a witness, I could and would testify to these facts. As to those matters which reflect an opinion, they reflect my personal opinion and judgment on the matter.

2.      I am the Chief Programs Officer at the Animal Legal Defense Fund (ALDF). I have served in this capacity since 2016. In this role, I am responsible for coordinating ALDF's activities across programs, including ALDF's civil Litigation Program. I also coordinate among ALDF's programs and executive leadership, ALDF's communications department, and donor and member outreach.

3.      ALDF is a national nonprofit animal protection organization founded in 1979 that uses education, public outreach, legislation, and litigation to protect the lives and advance the interests of animals, including those protected or considered for protection under the Endangered Species Act (ESA). ALDF is supported by hundreds of dedicated attorneys and more than 230,000 members and supporters nationwide, many of whom who share ALDF's interest in ESA protected species.

4.      One of ALDF's cornerstone issues is protecting members of threatened and endangered species from illegally inadequate housing, treatment, and conditions at commercial facilities such as fur farms and roadside zoos. Using the ESA, ALDF regularly engages in significant advocacy and public education efforts to raise awareness about the conditions in which threatened and endangered species are held in captivity, to improve their physical and mental well-being, and to relocate animals to sanctuaries where they can recover and flourish.

5.      ALDF also regularly uses the standards for threatened and endangered animals set forth in the ESA to inform civil cruelty and nuisance suits against captive animal facilities that fail to adequately care for the threatened and endangered animals they exhibit. ALDF's legal advocacy and ability to carry out its mission relies extensively upon the ESA to ensure imperiled species receive the protections they need to thrive. These efforts are directly impacted and harmed by the rules at issue in this litigation.

6.     ALDF's work against captive animal facilities, or "roadside zoos," includes several cases that resulted in published federal decisions including:

- *Kuehl v. Sellner*, 161 F.Supp.3d 678 (N.D. Iowa 2016) *aff'd by* 887 F.3d 845 (8th Cir. 2018). This was the first lawsuit to successfully apply the ESA to captive wild animals in a litigated victory. ALDF—on behalf of itself and several Iowa members—sued the zoo's owners regarding their treatment of endangered tigers and ring-tailed lemurs. In 2016, the United States District Court for the Northern District of Iowa found the ESA applicable to captive animals, and that Cricket Hollow Zoo violated that law. The court ordered that the four remaining tigers and three remaining lemurs be removed from the zoo.

- *Graham v. San Antonio Zoological Society*, No. 5:15-cv-01054-XR, 2017 WL 2533531, at *18–25 (W.D. Tex. June 8, 2017). This lawsuit alleged the zoo was violating the ESA by harming and harassing Lucky, a female Asian elephant that was housed all alone in an inadequate habitat. The United States District Court for the Western District of Texas held the ESA applied to Lucky and ultimately the case was dismissed after the zoo voluntarily addressed the conditions giving rise to the lawsuit.

7.     ALDF also recently settled a lawsuit involving threatened gray wolves in Minnesota. *Animal Legal Defense Fund v. Fur-Ever Wild*, No. 0:2017-cv-04496 (D. Minn.). Before the case settled, ALDF obtained a favorable ruling granting in part a motion for summary judgment.

8.     ALDF also has pending lawsuits asserting claims under the ESA, including: *Animal Legal Defense Fund v. Kimberly A Lucas dba Farmers' Inn*, No. 19-cv-0040 (W.D. Pa.); *Conley v. Houston Aquarium, Inc*., No. 4:17-cv-2877 (S.D. Tex.); and *Animal Legal Defense Fund v. Olympic Game Farm, Inc.*, 3:18-cv-06025-RBL (W.D. Wash.). ALDF also has issued a Notice of Intent to Sue letter under the ESA to a facility in Wisconsin called Special Memories Zoo.

ORRICK, HERRINGTON &
SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9.     In addition to these past, pending, and future cases, ALDF frequently is contacted by members and supporters expressing concern about conditions at "roadside zoo" facilities around the country. This includes species that are listed as threatened or likely will be listed in the future, such as those described in the accompanying declarations. ALDF's lawyers spend countless hours investigating the facilities that members and supporters flag as potential litigation targets.

10.     ALDF and its members and supporters also advocate for threatened and endangered species conservation, promote the humane treatment of animals in the wild, and campaign for the preservation of wilderness and wildlife habitat, including by persistently advocating for government adherence to wildlife protection laws such as the ESA and National Environmental Policy Act (NEPA). ALDF has successfully used legal action to protect threatened and endangered species in California by forcing county governments to halt their wildlife killing programs unless or until they study their environmental impacts. ALDF also engages on the federal level, bringing lawsuits against the United States Department of Agriculture's ("USDA") Wildlife Services to compel study of the impacts of its regional wildlife killing programs; to protect and conserve wild lands, specifically from the effects of climate change; and to force federal agencies to consider threatened and endangered species, as well as the impacts of climate change, in their decision making. ALDF further advocates for threatened and endangered species directly to government agencies. ALDF recently submitted comments to the FWS opposing the delisting of the grey wolf, for example, and, in addition to submitting its own comments, was part of the coalition that delivered over 800,000 comments to the Services opposing the regulations at issue here. Had the Defendants in this case properly complied with NEPA, ALDF would have participated in that process on behalf of itself and its members. Defendants' failure to do so has caused injury to ALDF and its members by depriving us of this procedural right.

11.     ALDF and its members are concerned about protecting threatened and endangered captive species from exploitation and extinction. ALDF and its members derive

recreational, aesthetic, and conservation benefits and enjoyment from the proper treatment and conservation of threatened and endangered species and species that may be listed as threatened or endangered. As explained in the accompanying declarations, ALDF also has members and supporters who reside near and visit facilities that exhibit members of threatened and endangered species and species that may be listed as threatened or endangered species, as well as wild lands where they reside in their natural habitats. ALDF and its members have been, are being, and will continue to be irreparably harmed by defendants' disregard of their statutory duties and by the unlawful injuries imposed on imperiled species and their critical habitat by the defendants' actions.

12.     ALDF has also suffered a procedural injury by virtue of the FWS's failure to respond to comments that ALDF submitted during the rulemaking at issue here. In addition to joining in coalition comments, ALDF also submitted separate comments detailing the effects the rules would have on threatened and endangered species in captivity, which is of the utmost concern to ALDF. The FWS did not even mention this issue in the final rule or its preamble, and failed to adequately respond to the coalition comments, as well.


Pursuant to 28 U.S.C. § 1746, I declare that the foregoing is true and correct.

Executed this 3rd day of January, 2020.


s/
Mark Walden

ORRICK, HERRINGTON & SUTCLIFFE LLP
ATTORNEYS AT LAW
SAN FRANCISCO