1  STEVE MARSHALL
   *Attorney General of Alabama*
2  Edmund G. LaCour Jr. (*pro hac vice*)
   *Solicitor General*
3  James W. Davis (*pro hac vice*)
   *Deputy Attorney General*
4  A. Barrett Bowdre (*pro hac vice*)
   *Deputy Solicitor General*
5  Office of the Alabama Attorney General
      501 Washington Ave.
6     P.O. Box 300152
      Montgomery, AL 36130
7     Telephone: (334) 353-2196
      Fax: (334) 353-8400
8     E-mail: edmund.lacour@AlabamaAG.gov
            jim.davis@AlabamaAG.gov
9            barrett.bowdre@AlabamaAG.gov

10  Paul Beard II (SBN 210563)
    FISHER BROYLES LLP
11     5670 Wilshire Blvd., Ste. 1800
       Los Angeles, CA 90036-5653
12     Telephone: (818) 216-3988
       Fax: (213) 402-5034
13     E-mail: paul.beard@fisherbroyles.com

14  *Attorneys for Defendant-Intervenor State of Alabama*

15  [Additional counsel listed on signature page]

   TIMOTHY C. FOX
   *Attorney General of Montana*
   Melissa Schlichting (SBN 220258)
   *Deputy Attorney General*
   Montana Department of Justice
      215 N. Sanders St.
      P.O. Box 201401
      Helena, MT 59620-1401
      Telephone: (406) 444-2026
      Fax: (404) 444-3549
      E-mail: MSchlichting@mt.gov

      *Attorneys for Defendant-Intervenor*
                *State of Montana*

16              **UNITED STATES DISTRICT COURT**
17            **NORTHERN DISTRICT OF CALIFORNIA**
                    **OAKLAND DIVISION**

18

19  ANIMAL LEGAL DEFENSE FUND,               Case No. 4:19-cv-06812-JST

20        Plaintiff,                         Related Case: No. 4:19-cv-06013-JST
                                             Related Case: No. 4:19-cv-05206-JST
21        v.
                                             **ANSWER OF DEFENDANT-**
22  DAVID BERNHARDT, U.S. Secretary of the   **INTERVENOR STATES OF ALABAMA,**
    Interior, *et al.*,                      **ALASKA, ARIZONA *ex rel*. the**
23                                           **ARIZONA GAME and FISH**
          Defendants.                        **COMMISSION, ARKANSAS, IDAHO,**
24                                           **KANSAS, MISSOURI, MONTANA,**
                                             **NEBRASKA, NORTH DAKOTA, UTAH,**
25                                           **WEST VIRGINIA, and WYOMING TO**
                                             **PLAINTIFF'S FIRST AMENDED**
26                                           **COMPLAINT.**

27                                           Judge:      Hon. Jon S. Tigar

28

The Defendant-Intervenor States—Alabama, Alaska, Arizona *ex rel.* the Arizona Game and Fish Commission, Arkansas, Idaho, Kansas, Missouri, Montana, Nebraska, North Dakota, Utah, West Virginia, and Wyoming—hereby respond to the allegations in Plaintiff Animal Legal Defense Fund's First Amended Complaint (ECF # 62). The numbered paragraphs in this Answer correspond to the numbered paragraphs of the Amended Complaint.

## INTRODUCTION

1.      The allegations in paragraph 1 are legal conclusions that require no response. To the extent a response may be deemed required, the allegations are denied on the ground that the statute speaks for itself.

2.      Admit that the U.S. Fish and Wildlife Service and the National Marine Fisheries Service have administered the ESA through regulations and that 99% of species protected by the Act have not gone extinct. To the extent paragraph 2 alleges anything else, the allegations are denied.

3.      The allegations in paragraph 3 are legal conclusions that require no response. To the extent a response may be deemed required, the allegations are denied on the ground that the regulations speak for themselves.

4.       The allegations in paragraph 4 are legal conclusions that require no response. To the extent a response may be deemed required, the allegations are denied on the ground that the regulations speak for themselves.

5.      The allegations in paragraph 5 are legal conclusions that require no response. To the extent a response may be deemed required, the allegations are denied.

6.      The allegations in paragraph 6 are legal conclusions that require no response. To the extent a response may be deemed required, the allegations are denied on the ground that the Rules and statute speak for themselves.

7.      The allegations in paragraph 7 are legal conclusions that require no response. To the extent a response may be deemed required, the allegations are denied.

8.      Admit that Plaintiff seeks the relief described in paragraph 8, but deny that it is

1    entitled to such relief, or to any relief whatsoever.

2                          **JURISDICTION AND VENUE**

3         9.      The allegations in paragraph 9 are legal conclusions that require no response. To

4    the extent a response may be deemed required, the allegations are denied.

5         10.     The allegations in paragraph 10 are legal conclusions that require no response. To

6    the extent a response may be deemed required, the allegations are denied

7                         **INTRADISTRICT ASSIGNMENT**

8         11.     The allegations in paragraph 11 are legal conclusions that require no response. To

9    the extent a response may be deemed required, the allegations are denied.

10                                **PARTIES**

11        12.     The Defendant-Intervenor States lack sufficient knowledge or information to form

12   a belief as to the truth of the allegations in paragraph 12 and therefore deny them.

13        13.     The Defendant-Intervenor States lack sufficient knowledge or information to form

14   a belief as to the truth of the allegations in paragraph 13 and therefore deny them.

15        14.     The Defendant-Intervenor States lack sufficient knowledge or information to form

16   a belief as to the truth of the allegations in paragraph 14 and therefore deny them.

17        15.     The Defendant-Intervenor States lack sufficient knowledge or information to form

18   a belief as to the truth of the allegations in paragraph 15 and therefore deny them. The allegations

19   in paragraph 15 also include legal conclusions that require no response. To the extent a response

20   may be deemed required, the allegations are denied.

21        16.     The Defendant-Intervenor States lack sufficient knowledge or information to form

22   a belief as to the truth of the allegations in paragraph 16 and therefore deny them.

23        17.     The Defendant-Intervenor States lack sufficient knowledge or information to form

24   a belief as to the truth of the allegations in paragraph 17 and therefore deny them.

25        18.     The Defendant-Intervenor States lack sufficient knowledge or information to form

26   a belief as to the truth of the allegations in paragraph 18 and therefore deny them.

27        19.     The Defendant-Intervenor States lack sufficient knowledge or information to form

28

1  a belief as to the truth of the allegations in paragraph 19 and therefore deny them.

2       20.    The Defendant-Intervenor States lack sufficient knowledge or information to form

3  a belief as to the truth of the allegations in paragraph 20 and therefore deny them.

4       21.    The Defendant-Intervenor States lack sufficient knowledge or information to form

5  a belief as to the truth of the allegations in paragraph 21 and therefore deny them.

6       22.    The allegations in paragraph 22 are legal conclusions that require no response. To

7  the extent a response may be deemed required, the allegations are denied.

8       23.    The allegations in paragraph 23 are legal conclusions that require no response. To

9  the extent a response may be deemed required, the allegations are denied.

10       24.    Admit that David Bernhardt is the United States Secretary of the Interior and that

11  he signed the Final Rules challenged by Plaintiff. The rest of the allegations paragraph 24 are

12  legal conclusions that require no response. To the extent a response may be deemed required, the

13  allegations are denied.

14       25.    The allegations in paragraph 25 are legal conclusions that require no response.

15       26.    Admit that Wilbur Ross is the Secretary of the United States Department of

16  Commerce and that he signed the Final Rules challenged by Plaintiff. The rest of the allegations

17  in paragraph 26 are legal conclusions that require no response. To the extent a response may be

18  deemed required, the allegations are denied.

19       27.    The allegations in paragraph 27 are legal conclusions that require no response.

20  **BACKGROUND**

21  **I.**    **Endangered Species Act**

22       28.    Admit that Congress passed the ESA in 1973. The remaining allegations in

23  paragraph 28 are legal conclusions that require no response. To the extent a response may be

24  deemed required, the allegations are denied on the ground that the statute speaks for itself.

25       29.    The allegations in paragraph 29 are legal conclusions that require no response. To

26  the extent a response may be deemed required, Plaintiff's characterizations of the ESA are

27  denied on the ground that the statute speaks for itself.

28

30.     The allegations in paragraph 30 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiff's characterizations of the ESA are denied on the ground that the statute speaks for itself.

31.     The allegations in paragraph 31 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiff's characterizations of the ESA are denied on the ground that the statute, regulations, and case law speak for themselves.

32.     The allegations in paragraph 32 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiff's characterizations of the ESA are denied on the ground that the statute speaks for itself.

33.     The allegations in paragraph 33 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiff's characterizations of the ESA are denied on the ground that the statute speaks for itself.

34.     The allegations in paragraph 34 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiff's characterizations of the ESA and the regulations are denied on the ground that the statute and regulations speak for themselves.

35.     The allegations in paragraph 35 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiff's characterizations of the ESA and the regulations are denied on the ground that the statute and regulations speak for themselves.

36.     The allegations in paragraph 36 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiff's characterizations of the ESA are denied on the ground that the statute speaks for itself.

37.     The allegations in paragraph 37 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiff's characterizations of the ESA are denied on the ground that the statute speaks for itself.

## II.     The 4(d) Rule

38.     The allegations in paragraph 38 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiff's characterizations of the ESA and the

4(d) regulation are denied on the ground that the statute and regulations speak for themselves.

39.     Deny.

40.     The allegations in paragraph 40 contain legal conclusions to which no response is required and factual allegations that Defendant-Intervenors lack sufficient knowledge or information to form a belief as to the truth thereof. For those reasons, the allegations in paragraph 35 are denied.

41.     The Defendant-Intervenor States lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41 and therefore deny them. Plaintiff's characterizations of the documents available on the FWS online system are also denied on the ground that the documents speak for themselves.

42.     The Defendant-Intervenor States lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 42 and therefore deny them. Plaintiff's characterizations of the documents available on the NOAA website are also denied on the ground that the documents speak for themselves.

43.     The Defendant-Intervenor States lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 43 and therefore deny them. Plaintiff's characterizations of the GAO documents are also denied on the ground that the documents speak for themselves.

44.     Deny.

45.     The Defendant-Intervenor States lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 45 and therefore deny them. The allegations also contain legal conclusions, to which no response is required. To the extent a response may be deemed required, the allegations are denied on the ground that the documents speak for themselves.

III.     **The 4(d) Rule (cont'd)**

46.     The allegations in paragraph 46 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiff's characterizations of the ESA are

1   denied on the ground that the statute speaks for itself.

2          47.     The allegations in paragraph 47 are legal conclusions that require no response. To

3   the extent a response may be deemed required, Plaintiff's characterizations of the ESA and FWS

4   regulations are denied on the ground that the statute and regulations speak for themselves.

5          48.     The allegations in paragraph 48 are legal conclusions that require no response. To

6   the extent a response may be deemed required, Plaintiff's characterizations of the ESA and FWS

7   regulations are denied on the ground that the statute and regulations speak for themselves.

8          49.     The allegations in paragraph 49 are legal conclusions that require no response. To

9   the extent a response may be deemed required, Plaintiff's characterizations of the FWS

10  regulation are denied on the ground that the regulation speaks for itself.

11         50.     The allegations in paragraph 50 are legal conclusions that require no response. To

12  the extent a response may be deemed required, the allegations are denied.

13         51.     The Defendant-Intervenor States lack sufficient knowledge or information to form

14  a belief as to the truth of the allegations in paragraph 51 and therefore deny them. Additionally,

15  the third sentence in paragraph 51 is a legal conclusion that requires no response. To the extent a

16  response may be deemed required, the allegation is denied on the ground that the Rule speaks for

17  itself.

18  **IV.    The 4(d) Rule (cont'd)**

19         52.     The allegations in paragraph 52 are legal conclusions that require no response. To

20  the extent a response may be deemed required, the allegations are denied.

21         53.     The allegations in paragraph 53 are legal conclusions that require no response. To

22  the extent a response may be deemed required, the allegations are denied

23         54.     The Defendant-Intervenor States lack sufficient knowledge or information to form

24  a belief as to the truth of the allegations in paragraph 54 and therefore deny them. Additionally,

25  paragraph 54 also contains legal conclusions that require no response. To the extent a response

26  may be deemed required, the allegations are denied.

27         55.     Denied. Additionally, paragraph 55 also contains legal conclusions that require no

28

1    response. To the extent a response may be deemed required, the allegations are denied.

2    **V.    The 4(d) Rule (cont'd)**

3        56.    The allegations in paragraph 56 are legal conclusions that require no response. To

4    the extent a response may be deemed required, Plaintiff's characterizations of the Executive

5    Order are denied on the ground that the Order speaks for itself.

6        57.    Admit that FWS proposed the three rules at issue on July 25, 2018. The other

7    allegations in paragraph 57 are legal conclusions that require no response. To the extent a

8    response may be deemed required, Plaintiff's characterizations of the proposed rules are denied

9    on the ground that the documents speak for themselves.

10       58.    The allegations in paragraph 58 are legal conclusions that require no response. To

11   the extent a response may be deemed required, Plaintiff's characterizations of the proposed rule

12   are denied on the ground that the notice speaks for itself.

13       59.    The allegations in paragraph 59 are legal conclusions that require no response. To

14   the extent a response may be deemed required, Plaintiff's characterizations of the proposed rules

15   are denied on the ground that the notices speak for themselves.

16       60.    The allegations in paragraph 60 are legal conclusions that require no response. To

17   the extent a response may be deemed required, Plaintiff's characterizations of the proposed rule

18   are denied on the ground that the notice speaks for itself.

19       61.    Admit that FWS accepted comments to its proposed rule. The Defendant-

20   Intervenor States lack sufficient knowledge or information to form a belief as to the truth of the

21   remainder of the allegations in paragraph 61 and therefore deny them.

22   **VI.    The 4(d) Rule (cont'd)**

23       62.    Admit that FWS issued a final rule on August 12, 2019. The other allegations in

24   paragraph 62 are legal conclusions that require no response. To the extent a response may be

25   deemed required, Plaintiff's characterizations of the Final Rule are denied on the ground that the

26   Rule speaks for itself.

27       63.    The allegations in paragraph 63 are legal conclusions that require no response. To

28

Answer of Defendant-Intervenor States,
Case No. 4:19-cv-06812-JST

1  the extent a response may be deemed required, Plaintiff's characterizations of the Final Rule are

2  denied on the ground that the Rule speaks for itself.

3      64.    The allegations in paragraph 64 are legal conclusions that require no response. To

4  the extent a response may be deemed required, Plaintiff's characterizations of the Final Rule are

5  denied on the ground that the Rule speaks for itself.

6      65.    The allegations in paragraph 65 are legal conclusions that require no response. To

7  the extent a response may be deemed required, Plaintiff's characterizations of the Final Rule are

8  denied on the ground that the Rule speaks for itself.

9      66.    The allegations in paragraph 66 are legal conclusions that require no response. To

10  the extent a response may be deemed required, Plaintiff's characterizations of the Final Rule are

11  denied on the ground that the Rule speaks for itself.

12      67.    The allegations in paragraph 67 are legal conclusions that require no response. To

13  the extent a response may be deemed required, Plaintiff's characterizations of the Final Rule are

14  denied on the ground that the Rule speaks for itself.

15      68.    The allegations in paragraph 68 are legal conclusions that require no response. To

16  the extent a response may be deemed required, Plaintiff's characterizations of the Final Rule and

17  the cited article are denied on the ground that the Rule and article speak for themselves.

18      69.    The allegations in paragraph 69 are legal conclusions that require no response. To

19  the extent a response may be deemed required, Plaintiff's characterizations of the Final Rule are

20  denied on the ground that the Rule speaks for itself. Additionally, Defendant-Intervenor States

21  lack sufficient knowledge of information to form a belief as to the truth of the allegations in the

22  third sentence of paragraph 69 and therefore deny them.

23      70.    The allegations in paragraph 70 are legal conclusions that require no response. To

24  the extent a response may be deemed required, Plaintiff's characterizations of the Final Rule are

25  denied on the ground that the Rule speaks for itself.

26      71.    The allegations in paragraph 71 are legal conclusions that require no response. To

27  the extent a response may be deemed required, the allegations are denied.

28

72.     The allegations in paragraph 72 are legal conclusions that require no response. To the extent a response may be deemed required, the allegations are denied.

**VII.    Rules Governing Listing, Critical Habitat, and Inter-agency Cooperation**

73.     The allegations in paragraph 73 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiff's characterizations of the Listing Rule are denied on the ground that the Rule speaks for itself.

74.     The allegations in paragraph 74 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiff's characterizations of the Listing Rule are denied on the ground that the Rule speaks for itself.

75.     The allegations in paragraph 75 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiff's characterizations of the Listing Rule are denied on the ground that the Rule speaks for itself.

76.     The allegations in paragraph 76 contain legal conclusions that require no response. To the extent a response may be deemed required, Plaintiff's characterizations of the Listing Rule are denied on the ground that the Rule speaks for itself. Additionally, Defendant-Intervenor States lack sufficient knowledge of information to form a belief as to the truth of the allegations in paragraph 76 and therefore deny them.

77.     The allegations in paragraph 77 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiff's characterizations of the Listing Rule are denied on the ground that the Rule speaks for itself.

78.     Defendant-Intervenor States lack sufficient knowledge of information to form a belief as to the truth of the allegations in paragraph 78 and therefore deny them. The final sentence of paragraph 78 is a legal conclusion that requires no response. To the extent a response may be deemed required, Plaintiff's characterization of the Listing Rule is denied on the ground that the Rule speaks for itself.

79.     The allegations in paragraph 79 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiff's characterizations of the Interagency

1    Cooperation Rule are denied on the ground that the Rule speaks for itself.

2        80.    The allegations in paragraph 80 are legal conclusions that require no response. To

3    the extent a response may be deemed required, Plaintiff's characterizations of the Interagency

4    Cooperation Rule are denied on the ground that the Rule speaks for itself.

5        81.    Defendant-Intervenor States lack sufficient knowledge of information to form a

6    belief as to the truth of the allegations in paragraph 81 and therefore deny them

7    **VIII.   NEPA Requirements**

8        82.    The allegations in paragraph 82 are legal conclusions that require no response. To

9    the extent a response may be deemed required, Plaintiff's characterizations of NEPA and the

10   regulations are denied on the ground that the statute and the regulations speak for themselves.

11       83.    The allegations in paragraph 83 are legal conclusions that require no response. To

12   the extent a response may be deemed required, Plaintiff's characterizations of NEPA and the

13   regulations are denied on the ground that the statute and the regulations speak for themselves.

14       84.    The allegations in paragraph 84 are legal conclusions that require no response. To

15   the extent a response may be deemed required, Plaintiff's characterizations of NEPA and the

16   regulations are denied on the ground that the statute and the regulations speak for themselves.

17       85.    The allegations in paragraph 85 are legal conclusions that require no response. To

18   the extent a response may be deemed required, Plaintiff's characterizations of NEPA and the

19   regulations are denied on the ground that the statute and the regulations speak for themselves.

20       86.    The allegations in paragraph 86 are legal conclusions that require no response. To

21   the extent a response may be deemed required, Plaintiff's characterizations of NEPA and the

22   regulations are denied on the ground that the statute and the regulations speak for themselves.

23       87.    The allegations in paragraph 87 are legal conclusions that require no response. To

24   the extent a response may be deemed required, Plaintiff's characterizations of NEPA and the

25   Final Rules are denied on the ground that the statute and the Rules speak for themselves.

26

27

28

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**Violation of the Administrative Procedure Act:**

**Issuance of Regulations that are Arbitrary, Capricious, and Not in Accordance with Law**

88.     The Defendant-Intervenor States incorporate by reference their answers to all preceding paragraphs.

89.     The allegations in paragraph 89 are legal conclusions that require no response. To the extent a response may be deemed required, Plaintiff's characterizations of the APA are denied on the ground that the statute speaks for itself.

90.     The allegations in paragraph 90 state legal conclusions that require no response. To the extent a response may be deemed required, these allegations are denied.

91.     The allegations in paragraph 91 state legal conclusions that require no response. To the extent a response may be deemed required, these allegations are denied.

92.     The allegations in paragraph 92 state legal conclusions that require no response. To the extent a response may be deemed required, Plaintiff's characterizations of the Rules are denied on the ground that the Rules speak for themselves.

93.     The allegations in paragraph 93 state legal conclusions that require no response. To the extent a response may be deemed required, Plaintiff's characterizations of the Rules are denied on the ground that the Rules speak for themselves.

94.     The allegations in paragraph 94 state legal conclusions that require no response. To the extent a response may be deemed required, Plaintiff's characterizations of the Rules are denied on the ground that the Rules speak for themselves.

95.     The allegations in paragraph 95 state legal conclusions that require no response. To the extent a response may be deemed required, these allegations are denied.

96.     The allegations in paragraph 96 state legal conclusions that require no response. To the extent a response may be deemed required, these allegations are denied.

97.     The allegations in paragraph 97 state legal conclusions that require no response. To the extent a response may be deemed required, these allegations are denied.

1

## SECOND CLAIM FOR RELIEF
**Violation of the National Environmental Policy Act and the Administrative Procedure Act:
Failure to Prepare an Adequate Environmental Impact Statement**

2

3     98.     The Defendant-Intervenor States incorporate by reference their answers to all

4     preceding paragraphs.

5     99.     The allegations in paragraph 99 state legal conclusions that require no response.

6     To the extent a response may be deemed required, Plaintiff's characterizations of NEPA are

7     denied on the ground that the statute speaks for itself.

8     100.     The allegations in paragraph 100 state legal conclusions that require no response.

9     To the extent a response may be deemed required, these allegations are denied.

10    101.     The allegations in paragraph 101 state legal conclusions that require no response.

11    To the extent a response may be deemed required, these allegations are denied.

12    102.     The allegations in paragraph 102 state legal conclusions that require no response.

13    To the extent a response may be deemed required, these allegations are denied.

14    103.     The allegations in paragraph 103 state legal conclusions that require no response.

15    To the extent a response may be deemed required, these allegations are denied.

16    104.     The allegations in paragraph 104 state legal conclusions that require no response.

17    To the extent a response may be deemed required, these allegations are denied.

18    105.     The allegations in paragraph 105 state legal conclusions that require no response.

19    To the extent a response may be deemed required, these allegations are denied.

20    106.     The allegations in paragraph 106 state legal conclusions that require no response.

21    To the extent a response may be deemed required, these allegations are denied.

22    107.     The allegations in paragraph 107 state legal conclusions that require no response.

23    To the extent a response may be deemed required, these allegations are denied.

24    108.     The allegations in paragraph 108 state legal conclusions that require no response.

25    To the extent a response may be deemed required, these allegations are denied.

26

27

28

**REQUEST FOR RELIEF**

109.    The remainder of the Complaint consists of the request for relief, to which no response is required. To the extent a response may be deemed required, the Defendant-Intervenor States deny that Plaintiff is entitled to the relief requested in the Request for Relief, or to any relief at all.

**GENERAL DENIAL**

110.    The Defendant-Intervenor States deny each and every allegation of the Complaint not expressly admitted or qualified herein.

**AFFIRMATIVE DEFENSES**

111.    Plaintiff lacks standing.

112.    Plaintiff has failed to state a claim upon which relief can be granted.

113.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver and/or estoppel.

114.    Plaintiff's claims are waived for failure to present them to the Services during public comment on the challenged Rules.

**RESERVATION OF DEFENSES**

115.    The Defendant-Intervenor States reserve the right to amend this Answer and to assert additional defenses.

WHEREFORE, the Defendant-Intervenor States pray this Court deny Plaintiff's request for relief, dismiss the Complaint with prejudice, and grant such further relief as the Court deems appropriate.

Answer of Defendant-Intervenor States,
Case No. 4:19-cv-06812-JST

1  DATED:  June 22,  2020                    Respectfully submitted,

2  STEVE MARSHALL                            TIMOTHY C. FOX
   Attorney General of Alabama               Attorney General of Montana
3
   /s/ Edmund G. LaCour Jr.                  /s/ Melissa Schlichting
4  Edmund G. LaCour Jr. (*pro hac vice*)     Melissa Schlichting (SBN 220258)
   *Solicitor General*                       *Deputy Attorney General*
5  James W. Davis (*pro hac vice*)           Montana Department of Justice
   *Deputy Attorney General*                 215 N. Sanders St., P.O. Box 201401
6  A. Barrett Bowdre (*pro hac vice*)        Helena, MT 59620-1401
   *Deputy Solicitor General*                Telephone: (406) 444-2026
7  Office of the Alabama Attorney General    Fax: (406) 444-3549
   501 Washington Ave.                       E-mail: MSchlichting@mt.gov
8  P.O. Box 300152
   Montgomery, AL 36130                      *Attorneys for Defendant-Intervenor State of*
9  Telephone: (334) 353-2196                 *Montana*
   Fax: (334) 353-8400
10 E-mail: edmund.lacour@AlabamaAG.gov
   jim.davis@AlabamaAG.gov                   *[Additional counsel listed on next page]*
11 barrett.bowdre@AlabamaAG.gov

12 /s/ Paul Beard II
   Paul Beard II (SBN 210563)
13 FisherBroyles LLP
   5670 Wilshire Blvd., Ste. 1800
14 Los Angeles, CA 90036-5653
   Telephone: (818) 216-3988
15 Fax: (213) 402-5034
   E-mail: paul.beard@fisherbroyles.com
16
   *Attorneys for Defendant-Intervenor State of*
17 *Alabama*

18 MARK BRNOVICH
   Attorney General of Arizona
19
   /s/ L. John LeSueur
20 L. John LeSueur (*pro hac vice*)
   Arizona State Bar No. 022556
21 Assistant Attorney General
   Office of the Arizona Attorney General
22 2005 N. Central Avenue
   Phoenix, Arizona 85004
23 Telephone: (602) 542-0640
   John.LeSueur@azag.gov
24
   *Attorneys for Defendant-Intervenor State of*
25 *Arizona ex rel. Arizona Game and Fish*
   *Commission*
26
   * In compliance with Civil Local Rule 5-1(i),
27 the filer of this document attests that all
   signatories listed have concurred in its filing.
28

KEVIN G. CLARKSON
Attorney General of Alaska

LESLIE RUTLEDGE
Attorney General of Arkansas

LAWRENCE G. WASDEN
Attorney General of Idaho

DEREK SCHMIDT
Attorney General of Kansas

ERIC S. SCHMITT
Attorney General of Missouri

DOUGLAS J. PETERSON
Attorney General of Nebraska

WAYNE STENEHJEM
Attorney General of North Dakota

SEAN REYES
Attorney General of Utah

PATRICK MORRISEY
Attorney General of West Virginia

BRIDGET HILL
Attorney General of Wyoming

16

1

## <u>CERTIFICATE OF SERVICE</u>

2

I HEREBY CERTIFY that on June 22, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system, which will send notification of such to the attorneys of record.

3

4

DATED:  June 22, 2020                                    Respectfully submitted,

5

6                                                        /s/ Edmund G. LaCour Jr.
                                                         Edmund G. LaCour Jr. (*pro hac vice*)
7                                                        *Solicitor General*
                                                         Office of the Alabama Attorney General
8                                                        501 Washington Ave.
                                                         P.O. Box 300152
9                                                        Montgomery, AL 36130
                                                         Telephone: (334) 353-2196
10                                                       Fax: (334) 353-8400
                                                         E-mail: edmund.lacour@AlabamaAG.gov
11

12                                                       *Attorneys for Defendant-Intervenor State of*
                                                         *Alabama*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28