DAMIEN M. SCHIFF, No. 235101
Email: dschiff@pacificlegal.org
CHARLES T. YATES, No. 327704
cyates@pacificlegal.org
Pacific Legal Foundation
930 G Street
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

JONATHAN WOOD, No. 285229
Email: jwood@pacificlegal.org
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 610
Arlington, Virginia 22201-5330
Telephone: (202) 888-6881
Facsimile: (916) 419-7747

Attorneys for Private Landowner Intervenors

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, | No. 4:19-cv-06812-JST |
| Plaintiff, | **ANSWER OF PRIVATE LANDOWNER INTERVENORS TO FIRST AMENDED COMPLAINT** |
| v. | |
| DAVID BERNHARDT, U.S. Secretary of the Interior, et al., | |
| Defendants, | |
| and | Judge: Honorable Jon S. Tigar |
| KENNETH KLEMM; BEAVER CREEK BUFFALO CO.; WASHINGTON CATTLEMEN'S ASSOCIATION; and PACIFIC LEGAL FOUNDATION, | |
| Private Landowner Intervenors, | |
| AMERICAN FARM BUREAU FEDERATION, et al., | |
| Intervenor Organizations, | |
| STATES OF ALABAMA, et al., | |
| Intervenor States. | |

1       For their answer to the First Amended Complaint of Animal Legal Defense

2   Fund, Defendant-Intervenors Kenneth Klemm, Beaver Creek Buffalo Co.,

3   Washington Cattlemen's Association, and Pacific Legal Foundation (collectively

4   "Private Landowner Intervenors") admit, deny, and allege as follows:

5                                **INTRODUCTION**

6       1.    The allegations in paragraph 1 purport to characterize the Endangered

7   Species Act, 16 U.S.C. §§ 1531, *et seq.*, and 16 U.S.C. § 1532(3), which speak for

8   themselves and are the best evidence of their contents. Any allegations contrary to

9   the plain language and meaning of these provisions are denied.

10       2.    Private Landowner Intervenors admit that over the past 40 years the

11   U.S. Fish and Wildlife Service and the National Marine Fisheries Service have

12   administered the ESA through regulations and that 99 percent of species protected by

13   the Act have not gone extinct. To the extent that paragraph 2 alleges anything else,

14   Private Landowner Intervenors deny such allegations.

15       3.    The allegations in paragraph 3 purport to characterize Regulations for

16   Interagency Cooperation, 84 Fed. Reg. 44,976 (Aug. 27, 2019), Regulations for Listing

17   Species and Designating Critical Habitat, 84 Fed. Reg. 45,020 (Aug. 27, 2019), and

18   Regulations for Prohibitions to Threatened Wildlife and Plants, 84 Fed. Reg. 44,753

19   (Aug. 27, 2019) (collectively the "2019 Revised ESA Regulations"), which speak for

20   themselves and are the best evidence of their contents. Any allegations contrary to

21   the plain language and meaning of these documents are denied.

22       4.    The allegations in paragraph 4 purport to characterize 50 C.F.R.

23   §§ 17.31, 17.71, Regulations for Prohibitions to Threatened Wildlife and Plants, 84

24   Fed. Reg. 44,753 (Aug. 27, 2019), Regulations for Listing Species and Designating

25   Critical Habitat, 84 Fed. Reg. 45,020 (Aug. 27, 2019), and Regulations for Interagency

26   Cooperation 84 Fed. Reg. 44,976 (Aug. 27, 2019) (collectively "2019 Revised ESA

27   Regulations"), which speak for themselves and are the best evidence of their contents.

28   Any allegations contrary to the plain language and meaning of these documents are

denied. The allegations in paragraph 4 also contain conclusions of law to which no answer is required.

5.      The allegations in paragraph 5 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6.      The allegations in paragraph 6 purport to characterize the ESA, 16 U.S.C. § 1531(b), and the 2019 Revised ESA Regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in paragraph 6 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7.      The allegations in paragraph 7 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8.      The allegations in paragraph 8 constitute Plaintiff's characterization of their claim for relief, which requires no response. To the extent that a response may be deemed required, Private Landowner Intervenors deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**JURISDICTION AND VENUE**

9.      The allegations in paragraph 9 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10.      The allegations in paragraph 10 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

///

///

///

**INTRADISTRICT ASSIGNMENT**

11.    The allegations in paragraph 11 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**PARTIES**

12.    Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in paragraph 12, and on that basis deny the same.

13.    Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in paragraph 13, and on that basis deny the same.

14.    Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in paragraph 14 and on that basis deny the same. To the extent that Footnote 1 purports to incorporate by reference the underlying factual allegations in the attached declarations, Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in Footnote 1, and on that basis deny the same.

15.    Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in paragraph 15, and on that basis deny the same. The allegations in the final sentence of paragraph 15 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16.    Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in paragraph 16 and on that basis deny the same.

///

///

///

17.     Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in the first, second, third, and fourth sentences of paragraph 17 and on that basis deny the same. To the extent the allegations in the fifth, sixth, seventh, and eighth sentences of paragraph 17 purport to characterize the 2019 Revised ESA Regulations, these documents speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the 2019 Revised ESA Regulations are denied. To the extent the allegations in the fifth, sixth, seventh, and eighth sentences of paragraph 17 purport to characterize the actions, interests, and impressions, of Plaintiff's members, Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations, and on that basis deny the same.

18.     Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, and sixth sentences of paragraph 18 and on that basis deny the same. To the extent the allegations in the fifth, seventh, eighth, ninth, and tenth sentences of paragraph 18 purport to characterize the 2019 Revised ESA Regulations and the prior regulations, these documents speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the prior and new regulations are denied. To the extent the allegations in the fifth, seventh, eighth, ninth, and tenth sentences of paragraph 18 purport to characterize the actions, interests, and impressions, of Plaintiff's members, Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations, and on that basis deny the same.

19.     Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in paragraph 19, and on that basis deny the same.

///

///

20.     Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in paragraph 20 and on that basis deny the same.

21.     Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, and fifth sentences of paragraph 21 and on that basis deny the same. To the extent the allegations in the sixth, seventh, and eighth sentences of paragraph 21 purport to characterize the 2019 Revised ESA Regulations, these documents speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the 2019 Revised ESA Regulations are denied. To the extent the allegations in the sixth, seventh, and eighth sentences of paragraph 21 purport to characterize the actions, interests, and impressions, of Plaintiff's members, Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations, and on that basis deny the same.

22.     Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in the first, fourth, fifth, and sixth sentences of paragraph 22 and on that basis deny the same. To the extent the allegations in the second and third sentences of paragraph 22 purport to characterize the 2019 Revised ESA Regulations, these documents speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of 2019 Revised ESA Regulations are denied. To the extent the allegations in the second and third sentences of paragraph 22 purport to characterize the actions and interests of ALDF's members, Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations, and on that basis deny the same.

23.     The allegations in paragraph 23 and footnote 2 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

///

24.     The allegations in the first two sentences of paragraph 24 constitute conclusions of law to which no answer is required. Private Landowner Intervenors admit the allegations in the final sentence of paragraph 24.

25.     The allegations in paragraph 25 constitute conclusions of law to which no answer is required.

26.     The allegations in the first two sentences of paragraph 26 constitute conclusions of law to which no answer is required. Private Landowner Intervenors admit the allegations in the final sentence of paragraph 26.

27.     The allegations in paragraph 27 constitute conclusions of law to which no answer is required.

## BACKGROUND

## I.     THE ALLEGATIONS IN HEADING I CONSTITUTE CONCLUSIONS OF LAW AND PLAINTIFF'S CHARACTERIZATION OF THE ENDANGERED SPECIES ACT TO WHICH NO ANSWER IS REQUIRED; TO THE EXTENT THEY MAY BE DEEMED ALLEGATIONS OF FACT, THEY ARE DENIED.

28.     Private Landowner Intervenors admit that Congress passed the ESA in 1973. The remaining allegations in paragraph 28 purport to characterize 16 U.S.C. § 1531(a)(3)–(4), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

29.     The allegations in paragraph 29 purport to characterize 16 U.S.C. §§ 1531(b), 1532(3), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

30.     The allegations in paragraph 30 purport to characterize 16 U.S.C. §§ 1533(a)(1)(A)–(E), 1533(b), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

31.     The allegations in paragraph 31 purport to characterize 16 U.S.C. §§ 1532(6), (20), which speak for themselves and are the best evidence of their

contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

32.     The allegations in paragraph 32 purport to characterize 16 U.S.C. § 1536(a), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this provision are denied.

33.     The allegations in paragraph 33 purport to characterize 16 U.S.C. § 1536(a)(2), 50 C.F.R. § 402.14(a), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

34.     The allegations in paragraph 34 purport to characterize Final Rule, 80 Fed. Reg. 7380, 7388 (Feb. 10, 2015) and 50 C.F.R. § 17.3, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

35.     The allegations in paragraph 35 purport to characterize 16 U.S.C. §§ 1532(19), 1538 and 50 C.F.R. § 17.3, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

36.     The allegations in paragraph 36 purport to characterize 16 U.S.C. §§ 1536(b)(4)(C), 1538, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

37.     The allegations in paragraph 37 purport to characterize 16 U.S.C. §§ 1539(a)(1)(B), 1539(a)(2)(B)(iv), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

///

///

///

## II.   PRIVATE LANDOWNER INTERVENORS DENY THE ALLEGATIONS IN HEADING II.

38.   The allegations in paragraph 38 purport to characterize 16 U.S.C. § 1533(d) and 50 C.F.R. § 17.31(a) (2018), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

39.   Private Landowner Intervenors deny the allegations in paragraph 39.

40.   The allegations in the first and third sentences of paragraph 40 purport to characterize the ESA and Emily E. Puckett, Dylan C. Kessler, & D. Noah Greenwald, *Taxa, petitioning agency, and lawsuits affect time spent awaiting listing under the US Endangered Species Act*, Biol. Conserv. 201, 220-29, 225 (2016), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 40, and on that basis deny the same.

41.   The allegations in paragraph 41 purport to characterize documents available on the U.S. Fish & Wild Life Service's Environmental Conservation Online System: *Endangered Species Act Petitions Received by Fish and Wildlife Service*, *Species Proposed for Listing*, and *U.S. Federal Endangered and Threatened Species by Calendar Year*, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

42.   The allegations in paragraph 42 purport to characterize a webpage available on the NOAA website: *Candidate Species Under the Endangered Species Act*, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this webpage are denied.

///

1     43.     Private Landowner Intervenors lack information sufficient to form a

2     belief as to the truth of the allegations in paragraph 43, and on that basis deny the

3     same. The allegations in paragraph 43 also purport to characterize 16 U.S.C.

4     § 1533(b)(3), (6) and United States Government Accountability Office, Environmental

5     Litigation: Information on Endangered Species Act Deadline Suits, which speak for

6     themselves and are the best evidence of their contents. Any allegations contrary to

7     the plain language and meaning of these documents are denied.

8         44.     Private Landowner Intervenors deny the allegations in paragraph 44.

9     The allegations in paragraph 44 also contain conclusions of law to which no answer is

10    required.

11        45.     The allegations in the first sentence of paragraph 45 constitute

12    conclusions of law to which no answer is required; to the extent they may be deemed

13    allegations of fact, they are denied. The remaining allegations in paragraph 45

14    purport to characterize Defenders of Wildlife White Paper Series, Section 4(d) Rules:

15    The Peril and the Promise 5-6 (2017), which speaks for itself and is the best evidence

16    of its contents. Any allegations contrary to the plain language and meaning of this

17    document are denied.

18    **III.    PRIVATE LANDOWNER INTERVENORS ADMIT THAT THE**
19    **BLANKET 4(d) RULE WAS PROMULGATED OVER 40 YEARS AGO.**
      **TO THE EXTENT THAT HEADING III PURPORTS TO**
20    **CHARACTERIZE THE RULE AND ITS PURPOSE, THE RULE**
      **SPEAKS FOR ITSELF AND IS THE BEST EVIDENCE OF ITS**
21    **CONTENTS. ANY ALLEGATIONS CONTRARY TO THE PLAIN**
      **LANGUAGE AND MEANING OF THE RULE ARE DENIED.**

22        46.     The allegations in paragraph 46 purport to characterize 16 U.S.C.

23    §§ 1533(d), 1531(c)(1), which speaks for themselves and are the best evidence of their

24    contents. Any allegations contrary to the plain language and meaning of these

25    provisions are denied.

26        47.     The allegations in paragraph 47 purport to characterize 16 U.S.C.

27    § 1538(a)(1), 50 C.F.R. § 17.31(a) (2018), and Reclassification of the American

28    Alligator and Other Amendments, 40 Fed. Reg. 44,411, 44,425 (Sept. 26, 1975), which

speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

48.     The allegations in paragraph 48 purport to characterize the Blanket 4(d) Rule and Protection for Threatened Species of Wildlife, 42 Fed. Reg. 46,539 (Sept. 16, 1977), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in the final sentence of paragraph 48 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

49.     The allegations in paragraph 49 purport to characterize 40 Fed. Reg. at 44,414, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

50.     The allegations in paragraph 50 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

51.     Private Landowner Intervenors admit the allegations in the first and second sentences of paragraph 51. The allegations in the third sentence of paragraph 51 purport to characterize Final Rule, Revision of the Regulations for Prohibitions to Threatened Wildlife and Plants, at 10, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

**IV.     PRIVATE LANDOWNER INTERVENORS DENY THE ALLEGATIONS IN HEADING IV.**

52.     The allegations in paragraph 52 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

///

///

53. The allegations in paragraph 53 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

54. Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 54, and on that basis deny the same. The remaining allegations in paragraph 54 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

55. Private Landowner Intervenors deny the allegations in paragraph 55. The allegations in paragraph 55 also contain conclusions of law to which no answer is required.

## V. PRIVATE LANDOWNER INTERVENORS DENY THE ALLEGATIONS IN HEADING V.

56. The allegations in paragraph 56 purport to characterize Executive Order 13771 and Enforcing the Regulatory Reform Agenda, 82 Fed. Reg. 12,285 (Mar. 1, 2017), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

57. The allegations in paragraph 57 purport to characterize Revision for Prohibitions to Threatened Wildlife and Plants, 83 Fed. Reg. 35,174, 35,175 (July 25, 2018), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

58. The allegations in paragraph 58 purport to characterize Revision for Prohibitions to Threatened Wildlife and Plants, 83 Fed. Reg. at 35,175, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

59. The allegations in paragraph 59 purport to characterize 83 Fed. Reg. at 35,178, 35,179, 83 Fed. Reg. at 35,193, 35,194, and the 2019 Revised ESA Regulations,

which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in paragraph 59 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

60.     The allegations in paragraph 60 purport to characterize 83 Fed. Reg. at 35,177, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

61.     Private Landowner Intervenors admit the allegations in the first sentence of paragraph 61. Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 61, and on that basis deny the same.

## VI.     PRIVATE LANDOWNER INTERVENORS ADMIT THE ALLEGATIONS IN HEADING VI.

62.     The allegations in paragraph 62 purport to characterize Final Rule, Revision of the Regulations for Prohibitions to Threatened Wildlife and Plants (Docket ID. FWS-HQ-ES-2018-0007), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 62 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

63.     The allegations in paragraph 63 purport to characterize Final Rule, Revision of the Regulations for Prohibitions to Threatened Wildlife and Plants (Docket ID. FWS-HQ-ES-2018-0007), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

64.     Private Landowner Intervenors deny the allegations in the final two sentences of paragraph 64. The remaining allegations in paragraph 64 purport to

characterize Final Rule, Revision of the Regulations for Prohibitions to Threatened Wildlife and Plants (Docket ID. FWS-HQ-ES-2018-0007), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

65.     The allegations in paragraph 65 purport to characterize Final Rule, Revision of the Regulations for Prohibitions to Threatened Wildlife and Plants (Docket ID. FWS-HQ-ES-2018-0007), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

66.     The allegations in paragraph 66 purport to characterize Final Rule, Revision of the Regulations for Prohibitions to Threatened Wildlife and Plants (Docket ID. FWS-HQ-ES-2018-0007), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

67.     The allegations in paragraph 67 purport to characterize Final Rule, Revision of the Regulations for Prohibitions to Threatened Wildlife and Plants (Docket ID. FWS-HQ-ES-2018-0007), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

68.     The allegations in the first sentence of paragraph 68 purport to characterize Final Rule, Revision of the Regulations for Prohibitions to Threatened Wildlife and Plants (Docket ID. FWS-HQ-ES-2018-0007), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The remaining allegations in paragraph 68 and Footnote 3 constitute conclusions of law and Plaintiff's characterization of a New York Times article, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

///

69.     The allegations in the first, second, and fourth sentences of paragraph 69 purport to characterize Final Rule, Revision of the Regulations for Prohibitions to Threatened Wildlife and Plants (Docket ID. FWS-HQ-ES-2018-0007), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 69, and on that basis deny the same.

70.     The allegations in paragraph 70 purport to characterize Final Rule, Revision of the Regulations for Prohibitions to Threatened Wildlife and Plants (Docket ID. FWS-HQ-ES-2018-0007), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 70 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

71.     The allegations in paragraph 71 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

72.     The allegations in paragraph 72 purport to characterize the 2019 Revised ESA Regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 72 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

///

///

///

///

///

**VII.   THE ALLEGATIONS IN HEADING VII PURPORT TO CHARACTERIZE THE LISTING AND CRITICAL HABITAT AND INTERAGENCY COOPERATION RULES, WHICH SPEAK FOR THEMSELVES AND ARE THE BEST EVIDENCE OF THEIR CONTENTS. ANY ALLEGATIONS CONTRARY TO THE PLAIN LANGUAGE AND MEANING OF THESE DOCUMENTS ARE DENIED.**

73.   The allegations in paragraph 73 purport to characterize the Listing Species and Designating Critical Habitat Rule, 16 U.S.C. § 1533(b)(1)(A), and 50 C.F.R. § 424.11(b), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in paragraph 73 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

74.   The allegations in paragraph 74 purport to characterize the prior regulations and the 2019 Revised ESA Regulations, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied. The allegations in paragraph 74 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. To the extent the allegations in paragraph 74 purport to characterize the "concerns" of ALDF's members, Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in paragraph 74, and on that basis deny the same.

75.   The allegations in the first and second sentences of paragraph 75 purport to characterize the Listing Species and Designating Critical Habitat Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in the final sentence of paragraph 75, and on that basis deny the same.

76.   The allegations in the first sentence of paragraph 76 purport to characterize the Listing Species and Designating Critical Habitat Rule, which speaks

for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied. Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the remaining allegations in paragraph 76, and on that basis deny the same.

77.     The allegations in paragraph 77 purport to characterize the Listing Species and Designating Critical Habitat Rule and H.R. Rep. No. 96-697 (1979) (Conf. Rep.), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of this document are denied. The allegations in paragraph 77 also contain conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

78.     Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of paragraph 78, and on that basis deny the same. The allegations in the final sentence of paragraph 78 constitute conclusions of law and Plaintiff's characterization of the Listing Species and Designating Critical Habitat Rule to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

79.     The allegations in paragraph 79 constitute conclusions of law and Plaintiff's characterization of 16 U.S.C. § 1536(a)(2) and its previous implementing regulations, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

80.     The allegations in paragraph 80 purport to characterize the Interagency Cooperation Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this document are denied.

81.     Private Landowner Intervenors lack information sufficient to form a belief as to the truth of the allegations in paragraph 81, and on that basis deny the same.

///

///

VIII.   **THE ALLEGATIONS IN HEADING VIII CONSTITUTE CONCLUSIONS OF LAW TO WHICH NO ANSWER IS REQUIRED; TO THE EXTENT THEY MAY BE DEEMED ALLEGATIONS OF FACT, THEY ARE DENIED.**

82.   The allegations in paragraph 82 constitute conclusions of law and Plaintiff's characterization of 42 U.S.C. §§ 4321–4332, 4332(2)(C) and 40 C.F.R. §§ 1502.1, 1503.1, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

83.   The allegations in paragraph 83 purport to characterize 42 U.S.C. § 4332(2)(C) and 40 C.F.R. § 1502.1, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

84.   The allegations in paragraph 84 purport to characterize 42 U.S.C. § 4332(2)(C) and 40 C.F.R. §§ 1508.14, 1508.18 which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

85.   The allegations in paragraph 85 purport to characterize 42 U.S.C. § 4332(2)(C), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of this provision are denied.

86.   The allegations in paragraph 86 purport to characterize 40 C.F.R. §§ 1508.27, 1508.27(a), (b)(1)–(5), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

87.   The allegations in the first, second, and third sentences of paragraph 87 purport to characterize Regulations for Interagency Cooperation 84 Fed. Reg. 44,976 (Aug. 27, 2019), Regulations for Listing Species and Designating Critical Habitat, 84 Fed. Reg. 45,020 (Aug. 27, 2019), and Regulations for Prohibitions to Threatened Wildlife and Plants, 84 Fed. Reg. 44,753 (Aug. 27, 2019), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain

language and meaning of these documents are denied. The allegations in the fourth sentence of paragraph 87 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Private Landowner Intervenors deny the remaining allegations in paragraph 87.

88.    The allegations in paragraph 88 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**Violation of the Administrative Procedure Act:**
**Issuance of Regulations That Are Arbitrary,**
**Capricious, and Not in Accordance with Law**

89.    Private Landowner Intervenors' responses to paragraphs 1 to 88 are incorporated herein by reference.

90.    The allegations in paragraph 90 constitute conclusions of law and Plaintiff's characterization of 5 U.S.C. § 706(2)(A) to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

91.    The allegations in paragraph 91 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

92.    The allegations in paragraph 92 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

93.    The allegations in paragraph 93 purport to characterize the Regulations for Prohibitions to Threatened Wildlife and Plants, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these rules are denied. The allegations in paragraph 93 also constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

1        94.    The allegations in paragraph 94 purport to characterize the Regulations

2  for Listing Species and Designating Critical Habitat, which speak for themselves and

3  are the best evidence of their contents. Any allegations contrary to the plain language

4  and meaning of these rules are denied. The allegations in paragraph 94 also constitute

5  conclusions of law to which no answer is required; to the extent they may be deemed

6  allegations of fact, they are denied.

7        95.    The allegations in paragraph 95 purport to characterize the Regulations

8  for Interagency Cooperation, which speak for themselves and are the best evidence of

9  their contents. Any allegations contrary to the plain language and meaning of these

10  rules are denied. The allegations in paragraph 95 also constitute conclusions of law to

11  which no answer is required; to the extent they may be deemed allegations of fact,

12  they are denied.

13        96.    To the extent the allegations in paragraph 96 purport to characterize the

14  2019 Revised ESA Regulations, these documents speak for themselves and are the

15  best evidence of their contents. Any allegations contrary to the plain language and

16  meaning of these documents are denied. The allegations in paragraph 96 also

17  constitute conclusions of law to which no answer is required; to the extent they may

18  be deemed allegations of fact, they are denied.

19        97.    The allegations in paragraph 97 constitute conclusions of law to which

20  no answer is required; to the extent they may be deemed allegations of fact, they are

21  denied.

22        98.    The allegations in paragraph 98 constitute conclusions of law to which

23  no answer is required; to the extent they may be deemed allegations of fact, they are

24  denied.

25  ///

26  ///

27  ///

28  ///

1
2
3

**SECOND CLAIM FOR RELIEF**
**Violation of the National Environmental Policy Act**
**and the Administrative Procedure Act:**
**Failure to Prepare an Adequate Environmental Impact Statement**

4
5

99.    Private Landowner Intervenors' responses to paragraphs 1 to 98 are incorporated herein by reference.

6
7
8
9

100.    The allegations in paragraph 100 purport to characterize 42 U.S.C. §§ 4331, 4332 and 40 C.F.R. § 1500.1(a), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

10
11
12
13

101.    The allegations in paragraph 101 constitute conclusions of law and Plaintiff's characterization of 40 C.F.R. §§ 1500.1(b), 1502.24, 1508.7, 1508.8, 1508.25, 1508.27, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14
15
16
17

102.    The allegations in paragraph 102 purport to characterize 40 C.F.R. § 1508.27(b), (b)(4), (b)(5), (b)(7), (b)(8), (b)(9), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these provisions are denied.

18
19
20

103.    The allegations in paragraph 103 constitute conclusions of law and Plaintiff's characterization of 40 C.F.R. §§ 1502.14(f), 1502.16(h), to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21
22
23
24

104.    The allegations in paragraph 104 constitute conclusions of law and Plaintiff's characterization of 42 U.S.C. § 4332(2)(C)(iii), (E) and 40 C.F.R. § 1502.14, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25
26
27
28

105.    The allegations in paragraph 105 purport to characterize 40 C.F.R. § 1507.3(b)(2)(ii), 43 C.F.R. § 46.210(i), NOAA Administrative Order 216-6A, and Companion Manual, Policy and Procedures for Compliance with the National Environmental Policy Act and Related Authorities (Jan. 13, 2017), which speak for

themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of these documents are denied.

106. The allegations in paragraph 106 constitute conclusions of law and Plaintiff's characterization of the 2019 Revised ESA Regulations, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

107. The allegations in paragraph 107 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

108. The allegations in paragraph 108 constitute conclusions of law and Plaintiff's characterization of 40 C.F.R. § 1508.27(b)(4), (5), (6), (9), (10), to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

109. The allegations in paragraph 109 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**PLAINTIFF'S REQUEST FOR RELIEF**

The remainder of Plaintiff's Complaint consists of Plaintiff's Request for Relief, which requires no response. To the extent that a response may be deemed required, Private Landowner Intervenors deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

**GENERAL DENIAL**

Private Landowner Intervenors hereby deny any allegations of Plaintiff's Complaint, whether express or implied, that are not otherwise specifically admitted or qualified herein.

**PRIVATE LANDOWNER INTERVENORS' DEFENSES**

Without admitting any of the allegations of Plaintiff's First Amended Complaint, and without admitting or acknowledging that Private Landowner Intervenors have any burden to prove any of the following allegations, Private

Landowner Intervenors allege the following as separate and independent defenses as to all claims and claims for relief asserted in the First Amended Complaint.

1.     The First Amended Complaint fails to state a plausible claim for which relief may be granted.

2.     The claims asserted by Plaintiff in the First Amended Complaint are barred by Plaintiff's failure to exhaust administrative and judicial remedies prior to initiating this litigation.

3.     Plaintiff lacks standing to bring this action.

4.     The Court lacks subject matter jurisdiction over some, or all, of the matters alleged in the First Amended Complaint.

## RESERVATION OF DEFENSES

5.     Private Landowner Intervenors reserve the right to amend this Answer and to assert additional defenses.

## PRAYER FOR RELIEF

Private Landowner Intervenors pray that Plaintiff takes nothing by its Complaint, that judgment be entered in favor of Private Landowner Intervenors, that this action be dismissed with prejudice, and that the Court award Private Landowner Intervenors any other relief the Court may deem just and proper.

DATED: June 22, 2020.

Respectfully submitted,

DAMIEN M. SCHIFF
JONATHAN WOOD
CHARLES T. YATES

By s/ Jonathan Wood
        JONATHAN WOOD

Attorneys for Private Landowner Intervenors