JEAN E. WILLIAMS,
Deputy Assistant Attorney General
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Assistant Section Chief
COBY HOWELL, Senior Trial Attorney
MICHAEL R. EITEL, Senior Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
1000 S.W. Third Avenue
Portland, OR 97204
Phone: (503) 727-1023
Fax: (503) 727-1117
Email: coby.howell@usdoj.gov

*Attorneys for Federal Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA (Oakland)

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID BERNHARDT, ET AL.,<br><br>Federal Defendants. | Case. No. 4:19-cv-06812-JST<br><br>Related Cases:<br>No. 4:19-cv-06013-JST;<br>No. 4:19-cv-05206-JST<br><br>**FEDERAL DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Federal Defendants David Bernhardt, in his official capacity as Secretary of the U.S. Department of the Interior ("DOI"), the U.S. Fish and Wildlife Service ("FWS"), Wilbur Ross, in his official capacity as Secretary of the U.S. Department of Commerce ("DOC"), and the National Marine Fisheries Service ("NMFS"), provide

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

1

the following Answer to Plaintiff's First Amended Complaint for Declaratory and Injunctive Relief (ECF 62) ("Complaint"). Federal Defendants deny any allegations in Plaintiff's complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

1.     With respect to the allegations in Paragraph 1, Federal Defendants admit only that Congress passed the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 *et seq.*, in 1973 and defined "conservation" in the statute at 16 U.S.C. § 1532. The remaining allegations in Paragraph 1 characterize the ESA, a statute that speaks for itself and is the best evidence of its contents; any allegations contrary to the plain language, meaning, and context of the ESA are denied.

2.     With respect to the allegations in Paragraph 2, Federal Defendants deny that all regulations implementing the ESA have been jointly issued by FWS and NMFS, and admit only that extinction has been prevented for 99% of the species listed under the ESA. With respect to the remaining allegations in Paragraph 2, the phrases "great success" and "effectively conserved" are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis.

3.     The allegations in the first sentence of Paragraph 3 contain Plaintiff's characterizations of this action to which no response is required. To the extent a response is required, the allegations are denied. In further response to the first sentence of Paragraph 3, Federal Defendants deny that the regulations were promulgated on August 12, 2019, and aver that the regulations were signed on

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

2

August 12, 2019, but promulgated on August 27, 2019. With respect to the allegations in the second sentence of Paragraph 3, Federal Defendants admit only that the regulations were published in the Federal Register on August 27, 2019, and that the regulations pertaining to ESA Sections 4 and 4(d) became effective on September 26, 2019. Federal Defendants deny that the ESA Section 7 regulations became effective on September 26, 2019, and aver that they became effective on October 28, 2019. *See* 84 Fed. Reg. 45,020 (Aug. 27, 2019) ("Final ESA Section 4 Rule"); 84 Fed. Reg. 44,753 (Aug. 27, 2019) ("Final ESA Section 4(d) Rule"); 84 Fed. Reg. 44,976 (Aug. 27, 2019) ("Final ESA Section 7(a)(2) Rule") (collectively, "Final ESA Rules"); *see also* 84 Fed. Reg. 50,333 (delaying effective date of Final ESA Section 7(a)(2) Rule).

4.      The allegations in the first sentence of Paragraph 4 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. In response to the second sentence of Paragraph 4, Federal Defendants admit only that FWS issued a final rule under ESA Section 4(d) amending 50 C.F.R. §§ 17.31, 17.71. The remaining allegations in the second sentence characterize the Final ESA Section 4(d) Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Final ESA Section 4(d) Rule are denied. The allegations in the third sentence of Paragraph 4 characterize the Final ESA Section 4 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Final ESA Section 4

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

3

Rule are denied. The allegations in the fourth sentence of Paragraph 4 characterize the Final ESA Section 7 Rule, which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the Final ESA Section 7 Rule are denied.

5.      The allegations in Paragraph 5 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 5 also characterize the Final ESA Rules, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the Final ESA Rules are denied.

6.      The allegations in the first sentence of Paragraph 6 characterize the ESA, a statute that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the ESA are denied. Federal Defendants deny the remaining allegations in the first sentence. The allegations in the second and third sentences of Paragraph 6 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants deny the allegations in the fourth sentence of Paragraph 6 that "[t]his change does nothing to promote clarity or transparency." The remaining allegations in the fourth sentence of Paragraph 6 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the fifth sentence of

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

4

Paragraph 6 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

7.      The allegations in Paragraph 7 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants deny the remaining allegations in Paragraph 7.

8.      The allegations in Paragraph 8 describe Plaintiff's request for relief, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

9.      The allegations in the first sentence of Paragraph 9 contain Plaintiff's characterizations of this action to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second sentence state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

10.     The allegations in Paragraph 10 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

11.     The allegations in Paragraph 11 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

5

12.     Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in Paragraph 12, and therefore deny the allegations.

13.     Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in the first, second, and third sentences of Paragraph 13, and therefore deny the allegations. The allegations in the fourth sentence state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

14.     Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in the first, second, and third sentences of Paragraph 14, and therefore deny the allegations. The allegations in the fourth sentence of Paragraph 14 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. With respect to the allegations in the fifth sentence of Paragraph 14, Federal Defendants admit only that Plaintiff submitted comments opposing FWS' March 15, 2019 proposal to remove gray wolves from the list of threatened and endangered species, that Plaintiff submitted comments opposing the proposed ESA regulations, and that Federal Defendants received hundreds of thousands of public comments on the proposed ESA regulations. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations in the sixth sentence, and therefore deny the allegations. The allegations in the sixth sentence of Paragraph 14 characterize Plaintiff's comments on the Final ESA

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

6

Rules, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of Plaintiff's comments are denied. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations in the sixth sentence, and therefore deny the allegations. The allegations in the first and second sentences of footnote 1 characterize the exhibits to Plaintiff's Complaint, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the exhibits are denied. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in the third sentence of footnote 1, and therefore deny the allegations.

15.     Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in the first, second, and third sentences of Paragraph 15, and therefore deny the allegations. The allegations in the fourth sentence of Paragraph 15 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

16.     Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in the first and second sentences of Paragraph 16, and therefore deny the allegations. With respect to the allegations in the third sentence of Paragraph 16, Federal Defendants admit only that amur tigers, red pandas, African elephants, and white rhinos are listed under the ESA. Federal Defendants deny that giraffes are proposed for listing, and aver that FWS

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

made a 90-day finding that a petition to list the giraffe presented substantial scientific or commercial information indicating that listing the giraffe may be warranted (84 FR 17768). Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations in the third sentence of Paragraph 16, and therefore deny the allegations. With respect to the allegations in the fourth sentence of Paragraph 16, Federal Defendants admit only that African lions, amur tigers, red pandas, and Eastern black rhinos are listed under the ESA. Federal Defendants deny that giraffes are proposed for listing as a threatened species and deny that Aldabra tortoises are listed under the ESA. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations in the fourth sentence of Paragraph 16, and therefore deny the allegations. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in the fifth and sixth sentences of Paragraph 16, and therefore deny the allegations.

17.     With respect to the allegations in the first sentence of Paragraph 17, Federal Defendants admit only that elephants, lions, and rhinos are listed under the ESA and deny that giraffes are proposed for listing as a threatened species. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations in the first sentence of Paragraph 17, and therefore deny the allegations. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in the

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

8

second sentence of Paragraph 17, and therefore deny the allegations. In response to the allegations in the third sentence of Paragraph 17, the phrase "[s]ome animals already have nowhere to go to continue their survival" is too vague and ambiguous to permit a response, and Federal Defendants deny that portion of the sentence on that basis. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations in the third sentence of Paragraph 17, and therefore deny the allegations. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in the fourth sentence of Paragraph 17, and therefore deny the allegations. The allegations in the fifth, sixth, and seventh sentences of Paragraph 17 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the eighth sentence of Paragraph 17 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

18.     Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in the first sentence of Paragraph 18, and therefore deny the allegations. With respect to the allegations in the second sentence of Paragraph 18, Federal Defendants admit only that the referenced lemurs and mandrills are listed as endangered species and that FWS made a positive 90-day finding on a petition to list giraffes. The phrase "under consideration for listing" is too vague and ambiguous to permit a response, and Federal Defendants deny that portion of the sentence on that basis. Federal

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

9

Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations in the second sentence of Paragraph 18, and therefore deny the allegations. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in the third and fourth sentences of Paragraph 18, and therefore deny the allegations. The allegations in the fifth sentence of Paragraph 18 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the sixth sentence of Paragraph 18 characterize FWS' July 7, 2017 petition review form for the giraffe, a document which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the petition review form are denied. The allegations in the seventh sentence of Paragraph 18 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the eighth sentence of Paragraph 18 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations in the eighth sentence of Paragraph 18, and therefore deny the allegations. With respect to the allegations in the ninth sentence of Paragraph 18, Federal Defendants admit only that lemurs are listed as an endangered species and gray wolves are listed as two entities, one threatened and one endangered. Federal Defendants are without knowledge or information sufficient to ascertain the truth

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

10

or falsity of the remaining allegations in the ninth sentence of Paragraph 18, and therefore deny the allegations. The allegations in the tenth sentence of Paragraph 18 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in the parenthetical following the tenth sentence of Paragraph 18, and therefore deny the allegations.

19.     Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in Paragraph 19, and therefore deny the allegations.

20.     Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in the first and second sentences of Paragraph 20, and therefore deny the allegations. With respect to the allegations in the third sentence of Paragraph 20, Federal Defendants admit only that Shoshone National Forest and Yellowstone National Park contain habitat for ESA-listed species including grizzly bears and Canada lynx, as well as North American wolverines, which are under consideration for listing, and gray wolves, which are not ESA listed in these areas. The remaining allegations in the third sentence of Paragraph 20 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in the fourth sentence of Paragraph 20, and therefore deny the allegations. In response to

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

11

the allegations in the fifth sentence of Paragraph 20, the phrase "particularly

vulnerable" is too vague and ambiguous to permit a response, and Federal

Defendants deny that portion of the sentence on that basis. Federal Defendants

admit the remaining allegations in the fifth sentence of Paragraph 20, and aver that

pikas are not listed under the ESA.

21.     Federal Defendants are without knowledge or information sufficient to

ascertain the truth or falsity of the allegations in the first, second, and third

sentences of Paragraph 21, and therefore deny the allegations. Federal Defendants

deny the allegations in the fourth sentence of Paragraph 21. Federal Defendants are

without knowledge or information sufficient to ascertain the truth or falsity of the

allegations in the fifth and sixth sentences of Paragraph 21, and therefore deny the

allegations. In response to the allegations in the seventh sentence of Paragraph 21,

Federal Defendants admit only that grizzly bears are found within the Greater

Yellowstone Ecosystem. The phrases "have no place to retreat to" and "losing their

critical foods due to climate change" are too vague and ambiguous to permit a

response, and Federal Defendants deny that portion of the seventh sentence on that

basis. The remaining allegations in the seventh sentence of Paragraph 21 state

legal conclusions to which no response is required. To the extent a response is

required, the allegations are denied. The allegations in the eighth sentence of

Paragraph 21 state legal conclusions to which no response is required. To the extent

a response is required, the allegations are denied. The allegations in the ninth

sentence of Paragraph 21 state legal conclusions to which no response is required.

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

12

To the extent a response is required, the allegations are denied. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations in the ninth sentence of Paragraph 21, and therefore deny the allegations.

22.     The allegations in the first sentence of Paragraph 22 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.  Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations in the first sentence of Paragraph 22, and therefore deny the allegations. The allegations in the second sentence of Paragraph 22 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations in the second sentence of Paragraph 22, and therefore deny the allegations. The allegations in the third sentence of Paragraph 22 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the fourth sentence of Paragraph 22 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. In response to the allegations in the fifth sentence of Paragraph 22, the phrase "declines or extinction of species populations" is too vague and ambiguous to permit a response, and Federal Defendants deny that portion of the fifth sentence on that basis. The remaining allegations in the fifth sentence of Paragraph 22 state legal conclusions

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

13

to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the sixth sentence of Paragraph 22 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

23.    The allegations in the first, second, and third sentences of Paragraph 23 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the fourth sentence of Paragraph 23 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations in the fourth sentence of Paragraph 23, and therefore deny the allegations. The allegations in the fifth and sixth sentences of Paragraph 23 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in footnote 2 contain Plaintiff's characterizations of this action and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

24.    In response to the allegations in Paragraph 24, Federal Defendants admit only that David Bernhardt is the Secretary of the United States Department of the Interior; that he has responsibility for implementing and fulfilling certain duties of the Department, including the administration of the ESA with regard to endangered and threatened terrestrial and freshwater plant and animal species and certain marine species; and that he signed the Final ESA Rules at issue in

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

14

Plaintiff's Complaint. The remaining allegations in Paragraph 24 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

25.     In response to the allegations in Paragraph 25, Federal Defendants admit only that the United States Fish and Wildlife Service is an agency within the United States Department of the Interior to which the Secretary of the Interior has delegated authority to administer the ESA with regard to endangered and threatened terrestrial and freshwater plant and animal species and certain marine species. The remaining allegations in Paragraph 25 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

26.     In response to the allegations in Paragraph 26, Federal Defendants admit only that Wilbur Ross is the Secretary of the United States Department of Commerce; that he has responsibility for implementing and fulfilling certain duties of the Department, including the administration of the ESA with regard to endangered and threatened marine and anadromous species; and that he signed the Final ESA Section 4 Rule and the Final ESA Section 7(a)(2) Rule. Federal Defendants deny that Wilbur Ross signed the Final ESA Section 4(d) Rule. The remaining allegations in Paragraph 26 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

27.     In response to the allegations in Paragraph 27, Federal Defendants admit only that the National Marine Fisheries Service is an agency within the

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

15

United States Department of Commerce to which the Secretary of Commerce has delegated authority to administer the ESA with regard to endangered and threatened marine and anadromous species. The remaining allegations in Paragraph 27 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

28.     The allegations in Paragraph 28 characterize the ESA, a statute that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

29.     The allegations in Paragraph 29 characterize the ESA, a statute that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

30.     The allegations in Paragraph 30 characterize the ESA, a statute that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

31.     The allegations in Paragraph 31 characterize the ESA, a statute that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

32.     The allegations in Paragraph 32 characterize the ESA, a statute that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

16

33.     The allegations in Paragraph 33 characterize the ESA and regulations thereunder, a statute and regulations that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute and regulations are denied.

34.     The allegations in Paragraph 34 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 34 also characterize a rule published at 80 Fed. Reg. 7,380 (Feb. 10, 2015) and the ESA regulations, a rule and regulations that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the rule and regulations are denied.

35.     The allegations in Paragraph 35 characterize the ESA and FWS' regulations thereunder, a statute and regulations that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute and regulations are denied.

36.     The allegations in Paragraph 36 characterize the ESA, a statute that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

37.     The allegations in Paragraph 37 characterize the ESA, a statute that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

17

38.     The allegations in Paragraph 38 characterize the ESA and regulations thereunder, a statute and regulations that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute and regulations are denied. The allegations in the first sentence of Paragraph 38 also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

39.     Federal Defendants deny the allegations in Paragraph 39.

40.     The allegations in the first sentence of Paragraph 40 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second sentence of Paragraph 40 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. The allegations in the third sentence of Paragraph 40 characterize a 2016 study, a document that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the study are denied.

41.     The allegations in the first sentence of Paragraph 41 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. The allegations in the second, third, fourth, and fifth sentences of Paragraph 41 characterize information from FWS's Environmental Conservation Online System (ECOS), which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of ECOS are denied.

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

18

42.    Federal Defendants deny the allegations in the first sentence of Paragraph 42, and aver that NMFS currently has 14 candidate species under review. With regard to the allegations in the second sentence of Paragraph 42, Federal Defendants admit only that the cusk has been on NMFS' candidate list since 2007. The remaining allegations in the second sentence of Paragraph 42 characterize information from NOAA's 2019 *Candidate Species Under the Endangered Species Act*, a list which speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the list are denied.

43.    The allegations in the first sentence of Paragraph 43 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. The allegations in the second sentence of Paragraph 43 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the third sentence of Paragraph 43 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. The allegations in the third sentence also characterize a 2017 report from the United States Government Accountability Office, a document that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the report are denied.

44.    The allegations in Paragraph 44 state legal conclusions to which no response is required. To the extent a response is required, the allegations are

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

19

denied. The remaining allegations in Paragraph 44 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

45.     The allegations in the first sentence of Paragraph 45 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. The allegations in the second sentence of Paragraph 45 characterize a 2017 white paper, a document that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the white paper are denied. The remaining allegations in the second sentence of Paragraph 45 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

46.     The allegations in Paragraph 46 characterize the ESA, a statute that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

47.     The allegations in Paragraph 47 characterize the ESA and regulations thereunder, and a rule published at 40 Fed. Reg. 44,411 (Sept. 26, 1975), a statute, regulations, and rule that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute, regulations, and rule are denied.

48.     The allegations in Paragraph 48 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 48 also characterize a rule published at 42

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

20

Fed. Reg. 46,539 (Sept. 16, 1977), a rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the rule are denied.

49.     The allegations in Paragraph 49 characterize a rule published at 40 Fed. Reg. 44,411 (Sept. 26, 1975), a rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the rule are denied.

50.     The allegations in Paragraph 50 characterize the court decision in *Sweet Home Chapter of Communities for a Great Oregon v. Babbitt*, 1 F.3d 1 (D.C. Cir. 1993), a court decision that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the court decision are denied.

51.     The allegations in the first and second sentences of Paragraph 51 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations in the first and second sentences of Paragraph 51, and therefore deny the allegations. The allegations in the third sentence of Paragraph 51 characterize the Final ESA Section 4(d) Rule, a rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the rule are denied.

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

21

52.     The allegations in Paragraph 52 characterize the ESA regulations and rules published at 79 Fed. Reg. 4,313 (Jan. 24, 2017), 80 Fed. Reg. 7,380 (Feb. 10, 2015), and 79 Fed. Reg. 37,578 (July 1, 2014), regulations and rules that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the regulations and rules are denied.

53.     The allegations in Paragraph 53 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

54.     Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in the first sentence of Paragraph 54, and therefore deny the allegations. The allegations in the second and third sentences of Paragraph 54 characterize the court decisions in *Kuehl v. Sellner*, 161 F. Supp. 3d 678 (N.D. Iowa 2016) and *Graham v. San Antonio Zoological Soc'y*, 261 F. Supp. 3d 711 (W.D. Tex. 2017), court decisions that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the court decisions are denied.

55.     The allegations in Paragraph 55 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 55 also characterize filings in *Animal Legal Defense Fund v. Olympic Game Farm*, No. 3:18-cv-06025 (W.D. Wash.) and *Animal Legal Defense Fund v. Lucas*, No. 2:19-cv-40 (W.D. Penn.), documents that speak for

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

22

themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the filings are denied.

56.     The allegations in Paragraph 56 characterize Executive Order 13711 (Jan. 30, 2017) and Executive Order 13777, published at 82 Fed. Reg. 12,285 (Mar. 1, 2017), orders that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the executive orders are denied.

57.     The allegations in Paragraph 57 characterize the proposed ESA Section 4(d) rule published at 83 Fed. Reg. 35,174 (July 25, 2018), a proposed rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the proposed rule are denied.

58.     The allegations in Paragraph 58 characterize the proposed ESA Section 4(d) rule published at 83 Fed. Reg. 35,174 (July 25, 2018), a proposed rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the proposed rule are denied.

59.     The allegations in the first and second sentences of Paragraph 59 characterize the proposed ESA Section 4 and Section 7(a)(2) rules published at 83 Fed. Reg. 35,193 (July 25, 2018) and 83 Fed. Reg. 35,178 (July 25, 2018), proposed rules that speak for themselves and are the best evidence of their contents. Any

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

23

allegations contrary to the plain language, meaning, and context of the proposed rules are denied. The allegations in the third sentence of Paragraph 59 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the fourth sentence of Paragraph 59 characterize the Final ESA Section 4 Rule and the Final ESA Section 7(a)(2) Rule, rules that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the rules are denied. With respect to the allegations in the fifth sentence of Paragraph 59, Federal Defendants admit only that Plaintiff submitted comments on the Final ESA Rules. The allegations in the fifth sentence of Paragraph 59 characterize Plaintiff's comments on the Final ESA Rules, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of Plaintiff's comments are denied. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations "a cornerstone issue for ALDF" in the fifth sentence of Paragraph 59 and therefore deny the allegations. The remaining allegations in the fifth sentence of Paragraph 59 characterize the Final ESA Section 4(d) Rule, a rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the rule are denied.

60.     The allegations in Paragraph 60 characterize the proposed ESA Section 4(d) rule published at 83 Fed. Reg. 35,174 (July 25, 2018), a proposed rule that speaks for itself and is the best evidence of its contents. Any allegations

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

24

contrary to the plain language, meaning, and context of the proposed rule are denied.

61.     Federal Defendants admit the allegations in the first sentence of Paragraph 61. With respect to the allegations in the second sentence of Paragraph 61, Federal Defendants admit only that they received hundreds of thousands of public comments on the proposed ESA regulations. To the extent the allegations in the second sentence characterize the public comments on the proposed ESA regulations, those public comments speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the public comments are denied. The remaining allegations in the second sentence of Paragraph 61 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

62.     The allegations in the first sentence of Paragraph 62 characterize the Final ESA Section 4(d) Rule, a rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the rule are denied. The allegations in the second sentence of Paragraph 62 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

63.     The allegations in Paragraph 63 characterize the Final ESA Section 4(d) Rule, a rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the rule are denied.

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

25

64.     The allegations in the first, second, and third sentences of Paragraph 64 characterize the Final ESA Section 4(d) Rule, a rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the rule are denied. The allegations in the fourth, fifth, sixth, seventh, and eighth sentences of Paragraph 64 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

65.     The allegations in Paragraph 65 characterize the Final ESA Section 4(d) Rule, a rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the rule are denied.

66.     The allegations in Paragraph 66 characterize the Final ESA Section 4(d) Rule, a rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the rule are denied.

67.     The allegations in Paragraph 67 characterize the Final ESA Section 4(d) Rule, a rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the rule are denied.

68.     The allegations in the first sentence of Paragraph 68 characterize the Final ESA Section 4(d) Rule, a rule that speaks for itself and is the best evidence of

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

26

1  its contents. Any allegations contrary to the plain language, meaning, and context

2  of the rule are denied. The allegations in the second sentence of Paragraph 68 state

3  legal conclusions to which no response is required. To the extent a response is

4  required, the allegations are denied. The remaining allegations in the second

5  sentence of Paragraph 68 are too vague and ambiguous to permit a response, and

6  Federal Defendants deny them on that basis. The allegations in footnote 3

7  characterize an August 12, 2019 newspaper article, a document that speaks for

8  itself and is the best evidence of its contents. Any allegations contrary to the plain

9  language, meaning, and context of the article are denied.

10  
11  
12  69.    The allegations in Paragraph 69 characterize the Final ESA Section

13  4(d) Rule, a rule that speaks for itself and is the best evidence of its contents. Any

14  allegations contrary to the plain language, meaning, and context of the rule are

15  denied.

16  
17  70.    The allegations in the first sentence of Paragraph 70 characterize the

18  Final ESA Section 4(d) Rule, a rule that speaks for itself and is the best evidence of

19  its contents. Any allegations contrary to the plain language, meaning, and context

20  of the rule are denied. Federal Defendants deny the allegations in the second

21  sentence of Paragraph 70. The allegations in the third sentence of Paragraph 70 are

22  too vague and ambiguous to permit a response, and Federal Defendants deny them

23  on that basis. The allegations in the fourth and fifth sentences of Paragraph 70

24  characterize the Final ESA Section 4(d) Rule, a rule that speaks for itself and is the

25  best evidence of its contents. Any allegations contrary to the plain language,

26  
27  

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

27

meaning, and context of the rule are denied. The remaining allegations in the fourth and fifth sentences of Paragraph 70 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. The allegations in the sixth and seventh sentences of Paragraph 70 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the seventh sentence of Paragraph 70 also characterize the court decision in *Central Delta Water Agency v. U.S.*, 306 F.3d 938 (9th Cir. 2002), a court decision that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the court decision are denied.

71.     The allegations in Paragraph 71 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 71 also characterize the court decisions in *Natural Resources Defense Council v. Envtl. Protection Agency*, 526 F.3d 591 (9th Cir. 2008) and *Seldovia Native Association, Inc. v. Lujan*, 904 F.2d 1335 (9th Cir. 1990), court decisions that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the court decisions are denied.

72.     The allegations in the first sentence of Paragraph 72 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second sentence of Paragraph 72 state legal conclusions to which no response is required. To the extent a response is

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

28

required, the allegations are denied. Federal Defendants deny the remaining allegations in the second sentence of Paragraph 72. Federal Defendants deny the allegations in the third sentence of Paragraph 72. The allegations in the fourth sentence of Paragraph 72 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

73.     The allegations in the first sentence of Paragraph 73 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second, third, and fourth sentences of Paragraph 73 characterize the ESA and regulations thereunder, a statute and regulations that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute and regulations are denied. The allegations in the fifth sentence of Paragraph 73 characterize the Final ESA Section 4 Rule, a rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the rule are denied. The allegations in the sixth sentence of Paragraph 73 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

74.     The allegations in the first sentence of Paragraph 74 characterize regulations under the ESA, regulations that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the regulations are denied. The allegations in the second sentence of Paragraph 74 characterize the Final ESA Section 4 Rule, a rule that speaks for

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

29

itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the rule are denied. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the allegations in the third sentence of Paragraph 74, and therefore deny the allegations. The allegations in the fourth sentence of Paragraph 74 characterize the Final ESA Section 4 Rule, a rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the rule are denied. Federal Defendants deny the allegations in the fifth sentence of Paragraph 74.

75.     In response to the allegations in the first sentence of Paragraph 75, the phrase "crucial to protect a threatened or endangered species" is too vague and ambiguous to permit a response, and Federal Defendants deny that portion of the sentence on that basis. The remaining allegations in the first sentence of Paragraph 75 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second sentence of Paragraph 75 characterize the Final ESA Section 4 Rule, a rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the rule are denied. The allegations in the third sentence of Paragraph 75 characterize comments on the Final ESA Rules, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the comments are denied.

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

30

The remaining allegations in the third sentence of Paragraph 75 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

76.     The allegations in the first sentence of Paragraph 76 characterize the Final ESA Section 4 Rule, a rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the rule are denied. The allegations in the second sentence of Paragraph 76 characterize comments on the Final ESA Rules, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the comments are denied. The remaining allegations in the second sentence of Paragraph 76 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. With respect to the allegations in the third sentence of Paragraph 76, Federal Defendants admit only that the Key deer is a subspecies of the North American white-tailed deer. The remaining allegations in the third sentence of Paragraph 76 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. With respect to the allegations in the fourth sentence of Paragraph 76, Federal Defendants admit only that the Key deer is currently listed as endangered and lives only on a few dozen islands in the Florida Keys. The remaining allegations in the fourth sentence of Paragraph 76 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.  Federal Defendants admit the allegations in the fifth sentence of Paragraph 76. With respect to the allegations in the sixth sentence of Paragraph 76, Federal Defendants admit only that rising sea levels and

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

31

hurricanes are threats to the Key deer. Federal Defendants are without knowledge or information sufficient to ascertain the truth or falsity of the remaining allegations in the sixth sentence of Paragraph 76, and therefore deny the allegations. The allegations in the seventh sentence of Paragraph 76 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.  Federal Defendants deny the allegations in the eighth sentence of Paragraph 76.

77.     The allegations in the first sentence of Paragraph 77 characterize the Final ESA Section 4 Rule and H.R. Rep. No 96-697 (1979), a rule and report that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the rule and report are denied. The allegations in the second sentence of Paragraph 77 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the third sentence of Paragraph 77 characterize the Final ESA Section 4 Rule and H.R. Rep. No 96-697 (1979), a rule and report that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the rule and report are denied. The allegations in the fourth sentence of Paragraph 77 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The remaining allegations in the fourth sentence of Paragraph 77 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis.

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

32

78.     Federal Defendants admit the allegations in the first and second sentences of Paragraph 78. The allegations in the third sentence of Paragraph 78 characterize FWS's past decisions regarding the pika and unspecified scientific studies, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the decisions and studies are denied. The allegations in the fourth sentence of Paragraph 78 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

79.     The allegations in the first sentence of Paragraph 79 are too vague and ambiguous to permit a response, and Federal Defendants deny them on that basis. The allegations in the second, third, and fourth sentences of Paragraph 79 characterize the ESA and regulations thereunder, a statute and regulations that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute and regulations are denied.

80.     The allegations in Paragraph 80 characterize the Final ESA Section 7(a)(2) Rule, a rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the rule are denied. The allegations in Paragraph 80 also state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

33

81.     With respect to the allegations in the first sentence of Paragraph 81, Federal Defendants admit only that Plaintiff submitted comments on the Final ESA Rules. The allegations in the first sentence of Paragraph 81 characterize Plaintiff's comments on the Final ESA Rules, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of Plaintiff's comments are denied. The allegations in the second sentence of Paragraph 81 characterize the Final ESA Rules, rules that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the rules are denied.

82.     The allegations in Paragraph 82 characterize the National Environmental Policy Act ("NEPA") and regulations issued thereunder, a statute and regulations that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute and regulations are denied. The allegations in the third sentence of Paragraph 82 also characterize the court decisions in *National Park and Conservation Ass'n v. Stanton*, 54 F. Supp. 2d 7 (D.D.C. 1999) and *Marsh v. Oregon Natural Resources Council*, 490 U.S. 360 (1989), court decisions that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the court decisions are denied.

83.     The allegations in Paragraph 83 characterize NEPA and regulations thereunder, a statute and regulations that speak for themselves and are the best

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

34

1
2

evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute and regulations are denied.

3
4
5
6
7

84.     The allegations in Paragraph 84 characterize NEPA and regulations thereunder, a statute and regulations that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute and regulations are denied.

8
9
10
11

85.     The allegations in Paragraph 85 characterize NEPA, a statute that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

12
13
14
15
16

86.     The allegations in Paragraph 86 characterize regulations under NEPA, regulations that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

17
18
19
20
21
22
23
24
25
26
27

87.     With respect to the allegations in the first sentence of Paragraph 87, Federal Defendants admit only that they did not prepare an environmental impact statement ("EIS") or environmental assessment ("EA") in connection with the Final ESA Rules. The remaining allegations in the first sentence of Paragraph 87 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the second, third, and fourth sentences of Paragraph 87 characterize the Final ESA Rules and supporting documents, such as the Services' memoranda documenting their NEPA compliance,

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

35

rules and supporting documents which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the rules are denied. Federal Defendants deny the allegations in the fifth and sixth sentences of Paragraph 87.

88.     The allegations in Paragraph 88 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

89.     Federal Defendants' responses to Paragraphs 1 through 88 are reasserted and incorporated herein by reference.

90.     The allegations in the first sentence of Paragraph 90 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the first sentence of Paragraph 90 also characterize the Administrative Procedure Act ("APA"), a statute that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied. The allegations in the second sentence of Paragraph 90 characterize the court decision in *Northwest Envtl. Def. Ctr. v. Bonneville Power Admin.*, 477 F.3d 668 (9th Cir. 2007), a court decision that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the court decision are denied.

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

36

91.     The allegations in the first sentence of Paragraph 91 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Federal Defendants deny the allegations in the second sentence of Paragraph 91.

92.     The allegations in Paragraph 92 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 92 also characterize the court decision in *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins.*, 463 U.S. 29 (1983), a court decision that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the court decision are denied.

93.     The allegations in Paragraph 93 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 93 also characterize the Final ESA Section 4(d) Rule, a rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the rule are denied.

94.     The allegations in Paragraph 94 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 94 also characterize the Final ESA Section 4 Rule, a rule that speaks for itself and is the best evidence of its contents. Any

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

37

allegations contrary to the plain language, meaning, and context of the rule are denied.

95.     The allegations in Paragraph 95 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 95 also characterize the Final ESA Section 7(a)(2) Rule, a rule that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the rule are denied.

96.     The allegations in Paragraph 96 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 96 also characterize the Final ESA Rules and public comments on the rules, rules and comments that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the rules and comments are denied.

97.     The allegations in Paragraph 97 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

98.     The allegations in Paragraph 98 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 98 also characterize the APA, a statute that

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

38

speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the statute are denied.

99.     Federal Defendants' responses to Paragraphs 1 through 98 are reasserted and incorporated herein by reference.

100.    The allegations in Paragraph 100 characterize NEPA and regulations thereunder, a statute and regulations that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute and regulations are denied.

101.    The allegations in Paragraph 101 characterize regulations under NEPA and the court decision in *Marsh v. Oregon Natural Resources Council*, 490 U.S. 360 (1989), regulations and a court decision that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the regulations and court decision are denied.

102.    The allegations in Paragraph 102 characterize regulations under NEPA, regulations that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the regulations are denied.

103.    The allegations in Paragraph 103 characterize regulations under NEPA and the court decision in *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332 (1989), regulations and a court decision that speak for themselves and are

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

39

the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the regulations and court decision are denied.

104.    The allegations in Paragraph 104 characterize NEPA, regulations thereunder, and the court decision in *Citizens Against Burlington, Inc. v. Busey*, 938 F.2d 190 (D.C. Cir. 1991), a statute, regulations and court decision that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the statute, regulations, and court decision are denied.

105.    The allegations in the first and fourth sentences of Paragraph 105 characterize regulations under NEPA, regulations that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the regulations are denied. The allegations in the second and third sentences of Paragraph 105 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the fifth sentence of Paragraph 105 characterize a January 13, 2017 National Oceanic and Atmospheric Administration manual, a document that speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language, meaning, and context of the manual are denied.

106.    The allegations in the first sentence of Paragraph 106 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.  Federal Defendants admit the allegations in the second

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

40

sentence of Paragraph 106. The allegations in the third sentence of Paragraph 106 are too vague and ambiguous to permit a response, and Federal Defendants deny the allegations on that basis. The allegations in the fourth and fifth sentences of Paragraph 106 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in the fourth and fifth sentences of Paragraph 106 also characterize the Final ESA Rules and supporting documents, such as the Services' memoranda documenting their NEPA compliance, rules and supporting documents which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the rules and supporting documents are denied.

107.   The allegations in Paragraph 107 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

108.   The allegations in Paragraph 108 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. The allegations in Paragraph 108 also characterize regulations under NEPA, regulations that speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language, meaning, and context of the regulations are denied.

109.   The allegations in Paragraph 109 state legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

41

1

## PRAYER FOR RELIEF

2

The remainder of Plaintiff's Complaint constitutes its request for relief, to

3

which no response is required. To the extent a further response is required, Federal

4

5

Defendants deny that Plaintiff is entitled to the relief requested or any relief

6

whatsoever.

7

## GENERAL DENIAL

8

9

Federal Defendants deny any allegations in the Complaint, whether express

10

or implied, or in the attachments thereto, that are not specifically admitted, denied,

11

or qualified herein.

12

13

## DEFENSES

14

15

1.  The Court lacks subject matter jurisdiction.

16

17

DATED: June 22, 2020.

18

19

Respectfully submitted,

20

JEAN E. WILLIAMS,
Deputy Assistant Attorney General

21

SETH M. BARSKY, Section Chief

22

MEREDITH FLAX, Assistant Chief

23

*/s/ Coby Howell*
COBY HOWELL, Senior Trial Attorney

24

*/s/ Michael Eitel*
MICHAEL R. EITEL, Senior Trial Attorney

25

U.S. Department of Justice

26

Environment & Natural Resources Division
Wildlife & Marine Resources Section

27

1000 S.W. Third Avenue

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

Portland, OR 97204
Phone: (503) 727-1023
Fax: (503) 727-1117
Email: coby.howell@usdoj.gov

*Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

Federal Defendants' Answer, Case. No. 4:19-cv-06812-JST

43