1    CLEMENT ROBERTS (CSBA # 209203)
     DANIEL S. GUERRA (CSBA # 267559)
2    KOUROSH JAHANSOUZ (CSBA # 292559)
     ORRICK, HERRINGTON & SUTCLIFFE LLP
3    405 Howard Street
     San Francisco, CA 94105
4    Telephone:    (415) 773-5700
     Facsimile:    (415) 773-5759
5    croberts@orrick.com
     dguerra@orrick.com
6    kjahansouz@orrick.com

7    EMMANUEL FUA (CSBA # 284563)
     ORRICK, HERRINGTON & SUTLIFFE LLP
8    51 West 52nd Street
     New York, NY 10019
9    Telephone:    (212) 506-5000
     Facsimile:    (212) 506-5151
10   efua@orrick.com

11   *Attorneys for Plaintiff*

12   *(counsel for other parties are identified on the
     signature pages)*

13

14                   UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16

17   ANIMAL LEGAL DEFENSE FUND,

18                   Plaintiff,                    Case No. 4:19-cv-06812-JST

19          v.                                     Related Cases:  No. 4:19-cv-06013-JST
                                                                   No. 4:19-cv-06812-JST
20   DAVID BERNHARDT, et al.,
                                                   **JOINT CASE MANAGEMENT
21                   Defendants,                   STATEMENT; PROPOSED ORDER**

22                   and                           Case Management Conf.:  June 30, 2020
                                                   Time: 2:00 p.m.
23   STATE OF ALABAMA, et al.,                     Judge: Jon S. Tigar

24                                                 Courtroom 6, 2nd Floor,
                                                   1301 Clay Street, Oakland, CA 94612
25                   Intervenor-Defendants.

26

27

28

                                         1

Joint Case Management Statement and Proposed Order - Case No. 4:19-cv-06812-JST

The parties in these three related cases submit this Joint Case Management Statement and [Proposed] Order pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2018, Judge Tigar's Standing Order for All Civil Cases dated January 29, 2020, and Civil Local Rule 16-9.  Undersigned counsel for Plaintiffs, Defendants, Industry-Intervenors,[1] State-Intervenors,[2] and Private-Landowner-Intervenors[3] (together, "Intervenor-Defendants") have discussed the items enumerated in the Court's Standing Order and respectfully submit the following joint statement:

1.   Jurisdiction and Service

Plaintiffs contend that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1346 (civil action against the United States), 16 U.S.C. § 1540(g) (Endangered Species Act ("ESA")), and 5 U.S.C. § 702 (Administrative Procedure Act ("APA")).  Federal Defendants contend that this Court lacks subject matter jurisdiction.  All parties have been served.

Defendant-Intervenors take no position at this time as to whether the Court has jurisdiction under Article III.

2.   Facts

On August 12, 2019, Federal Defendants issued three separate final rules (the "Final Rules") governing implementation of the Endangered Species Act, 16 U.S.C. §§ 1531 *et seq.*  The "Revision of the Regulations for Listing Species and Designating Critical Habitat," 84 Fed. Reg. 45,020 (Aug. 27, 2019) (the "Listing Rule"), addresses listing decisions and critical habitat designations under Section 4 of the ESA, 16 U.S.C. § 1533.  The "Revision of Regulations for Interagency Cooperation," 84 Fed. Reg. 44,976 (Aug. 27, 2019) (the "Interagency Consultation Rule"), addresses consultation between federal agencies and Defendants for federal agency

---

[1] American Farm Bureau Federation, American Forest Resource Council, American Petroleum Institute, Federal Forest Resource Coalition, National Alliance of Forest Owners, National Association of Home Builders, National Cattlemen's Beef Association, and Public Lands Council.
[2] States of Alabama, Alaska, Arizona *ex rel.* the Arizona Game and Fish Commission, Arkansas, Idaho, Kansas, Missouri, Montana, Nebraska, North Dakota, Utah, West Virginia, and Wyoming.
[3] Kenneth Klemm, Beaver Creek Buffalo Co., Washington Cattlemen's Association, and Pacific Legal Foundation.

actions that may affect listed species or critical habitat under Section 7 of the ESA, 16 U.S.C. § 1536.  The "Revision of the Regulations for Prohibitions to Threatened Wildlife and Plants," 84 Fed. Reg. 44,753 (Aug. 27, 2019) (the "4(d) Rule"), addresses the U.S. Fish and Wildlife Service's ("FWS") prior regulatory extension to all threatened species of the "take" and certain other prohibitions under section 9 of the ESA, 16 U.S.C. § 1538, unless FWS issued a special 4(d) rule for a species.  The Listing Rule and Interagency Consultation Rule were issued jointly by FWS and the National Marine Fisheries Service ("NMFS").  The 4(d) Rule was issued by FWS.  On August 21, 2019, Plaintiffs Center for Biological Diversity, *et al.* ("Conservation Group Plaintiffs") filed a Complaint challenging the Final Rules, and filed a First Amended Complaint on October 23, 2019.  ECF Nos. 1, 28 in Case No. 4:19-cv-05206-JST.  On September 25, 2019, Plaintiffs State of California, *et al*. ("State Plaintiffs") filed a Complaint challenging the Final Rules, and filed a First Amended Complaint on October 22, 2019.  ECF Nos. 1, 28 in Case No. 4:19-cv-06013-JST.  On October 21, 2019, Plaintiff Animal Legal Defense Fund, *et al*. ("ALDF") filed a complaint challenging the Final Rules.  ECF No. 1 in Case No. 4:19-cv-06812-JST.

   3. <u>Legal Issues</u>

  Plaintiffs allege that the Final Rules violate the ESA's plain language, structure, and purposes; lack any reasoned basis, violate notice and comment procedures, and are otherwise arbitrary and capricious under the APA; and that Federal Defendants violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq*., by failing to assess the environmental impacts of the Final Rules.  The Conservation Group Plaintiffs also allege that Federal Defendants violated the ESA by failing to consult under 16 U.S.C. § 1536(a)(2) on the issuance of the Final Rules.

  Federal Defendants and Intervenor-Defendants dispute these claims and Federal Defendants also maintain that Plaintiffs lack standing and the cases are not ripe for review.

   4. <u>Motions</u>

  On December 6, 2019, Defendants moved to dismiss Plaintiffs' complaints for lack of jurisdiction (ECF No. 46 in Case No. 19-cv-6013; ECF No. 33 in Case No. 19-cv-5206; ECF

No. 21 in Case No. 19-cv-6812).  On May 18, 2020, the Court denied this motion with regard to the State Plaintiffs, but granted the motion with regard to the Conservation Group Plaintiffs and ALDF (ECF No. 98 in Case No. 19-cv-6013; ECF No. 87 in Case No. 19-cv-5206; ECF No. 60 in Case No. 19-cv-6812).  The Court required any amended complaint to be filed within 21 days of the May 18, 2020 Order.  The Conservation Group Plaintiffs filed a Second Amended Complaint on June 4, 2020 (ECF No. 90 in Case No. 19-cv-5206).  ALDF filed a First Amended Complaint on June 8, 2020 (ECF No. 62 in Case No. 19-cv-6812).

Intervenor-States filed a motion to intervene as defendants (ECF No. 53 in Case No. 19-cv-6013; ECF No. 47 in Case No. 19-cv-5206; ECF No. 35 in Case No. 19-cv-6812).  On December 13, 2019, Industry-Intervenors moved to intervene as defendants (ECF No. 64 in Case No. 19-cv-6013; ECF No. 36 in Case No. 19-cv-5206; ECF No. 24 in Case No. 19-cv-6812).  On December 17, 2020, Private-Landowner-Intervenors also moved to intervene as defendants (ECF No. 69 in Case No. 19-cv-6013; ECF No. 41 in Case No. 19-cv-5206; ECF No. 29 in Case No. 19-cv-6812).  On May 18, 2020, the Court granted the motions to intervene (ECF No. 97 in Case No. 19-cv-6013; ECF No. 89 in Case No. 19-cv-5206; ECF No. 59 in Case No. 19-cv-6812).

In the recently filed amended complaints, Conservation Group Plaintiffs and ALDF contend that they provided the specific factual allegations, including identified members whose particular interests have suffered or will suffer harm and the risk of harm, that the Court found missing in the Order Granting Motion to Dismiss, ECF No. 87 in Case No. 4:19-cv-05206 (May 18, 2020); ECF No. 60 in Case No. 4:19-cv-6812 (May 18, 2020).  Federal Defendants may dispute this contention and continue to contest the assertion that the Court has jurisdiction over all or some of the claims raised in the three related cases.

There are no pending motions.

Because this case is governed by the APA, the parties anticipate resolving this matter through cross-motions for summary judgment after filing and service of the agencies' administrative record(s).  Should the Court adopt the schedule in paragraph 17 below, the parties do not believe that a case management conference is necessary and request that the Court vacate

the June 30, 2020 case management conference from the Court calendar.

     5.  <u>Amendment of Pleadings</u>

The parties do not currently anticipate any further amendment of the pleadings.

     6.  <u>Evidence Preservation</u>

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  *See* ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.  In this matter, such preservation is limited to that necessary to prepare and file the administrative record(s).

     7.  <u>Disclosures</u>

The parties anticipate that this action will be resolved based on the agencies' administrative record(s) for the Final Rules.  Evidentiary disclosures are not required in record review cases, and none are anticipated.  Fed. R. Civ. P. 26(a)(1)(B)(i).

     8.  <u>Discovery</u>

The parties anticipate that this action will be resolved based on the agencies' administrative record(s) for the Final Rules and that discovery will not be necessary.

     9.  <u>Class Actions</u>

This case is not a class action.

     10.  <u>Related Cases</u>

The Court has related the following cases: Case Nos. 4:19-cv-05206, 4:19-cv-06013, and 4:19-cv-06812.

     11.  <u>Relief</u>

Conservation Group Plaintiffs ask the Court to: (1) declare that FWS and NMFS acted arbitrarily, capriciously, and contrary to law, including NEPA and the CEQ regulations, in violation of the APA, by invoking categorical exclusions and failing to prepare an Environmental Impact Statement on the Final Rules, and by failing to evaluate alternatives to, and the full impacts of, the Final Rules in an Environmental Impact Statement; (2) declare that FWS and NMFS acted arbitrarily, capriciously, and contrary to law, including the ESA, in violation of the

APA, in promulgating the Final Rules; (3) declare that FWS and NMFS acted arbitrarily, capriciously, contrary to law, abused their discretion, and failed to follow the procedures required by law in their promulgation of the Final Rules, in violation of the APA; (4) declare that FWS and NMFS violated Section 7(a)(2) of the ESA by promulgating the Final Rules by failing to consult on the regulations' effects on listed species and their critical habitat; (5) hold unlawful and vacate the Final Rules, reinstating the prior in-force regulations; (6) enjoin FWS and NMFS from applying or otherwise relying upon the Final Rules; (7) award Plaintiffs their reasonable fees, costs, and expenses, including attorneys' fees; and (8) grant Plaintiffs such further and additional relief as the Court may deem just and proper.

State Plaintiffs seek: (1) a declaratory judgment that Defendants acted arbitrarily, capriciously, contrary to law, abused their discretion and in excess of their statutory jurisdiction and authority in their promulgation of the Final Rules, in violation of the ESA and the APA; (2) a declaratory judgment that Defendants acted arbitrarily, capriciously, contrary to law, abused their discretion, and failed to follow the procedures required by law in their promulgation of the Final Rules, in violation of the APA; (3) a declaratory judgment that Defendants acted arbitrarily, capriciously, contrary to law, abused their discretion, and failed to follow the procedures required by law in their promulgation of the Final Rules, in violation of NEPA and the APA; (4) an order vacating Defendants' unlawful issuance of the Final Rules so that the prior regulatory regime is immediately reinstated; (5) a mandatory injunction requiring Defendants to immediately withdraw the Final Rules and reinstate the prior regulatory regime; (6) an award of State Plaintiffs' costs, expenses, and reasonable attorneys' fees; and (7) such other relief as the Court deems just and proper.

ALDF asks the Court to: (1) declare that FWS and NMFS acted arbitrarily, capriciously, and contrary to the ESA, in violation of the APA; (2) hold unlawful and vacate the Final Rules; (3) enjoin the FWS from applying or otherwise relying upon the Final Rules; (4) reinstate the predecessors to the Final Rules; (5) award Plaintiff its reasonable fees, costs, and expenses, including attorneys' fees; and (6) grant Plaintiff such further and additional relief as the Court may deem just and proper.

Federal Defendants and Intervenor-Defendants dispute Plaintiffs entitlement to any relief in the three related cases and therefore oppose the relief sought.

12.  Settlement and ADR

The parties have complied with ADR L.R. 3-5 and do not believe that settlement or ADR would be productive at this time.

13.  Consent to Magistrate Judge for All Purposes

The Conservation Groups Plaintiffs declined magistrate judge jurisdiction in Case No. 4:19-cv-5206.  Case Nos. 4:19-cv-06013 and 4:19-cv-06812 were related to this Court prior to the date for submission of any magistrate consent forms.

14.  Other References

The parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

15.  Narrowing of Issues

The parties do not believe that it is possible to narrow the issues at this time.

16.  Expedited Trial Procedure

Because judicial review in this case is based on the agencies' administrative record(s), the cases should be decided on summary judgment and no trial is expected to occur.  The parties agree to and request entry of the summary judgment briefing schedule outlined below.

17.  Scheduling

The parties respectfully propose the schedule below for certifying the administrative record and briefing cross-motions for summary judgment:

| Deadline | Action |
| --- | --- |
| July 23, 2020 | Federal Defendants filing of the administrative record(s) for the Final Rules.  Federal Defendants shall manually file the administrative record(s) by providing to the Clerk's Office two copies of the administrative record(s) located on USB flash drives (or equivalent).  Federal Defendants shall serve the certified administrative record(s) on counsel for the parties and may do so by providing the parties with access to the record(s) via cloud storage (e.g., box.com) or electronic means (USB flash drive or equivalent). |
| 60 days from Federal Defendants' filing of the AR | Any motions challenging the completeness of the administrative record(s).  (The filing of such a motion shall toll the merits briefing schedule). |

7

| 90 days from Federal Defendants' filing of the AR or 60 days after any record-related motions are decided, whichever comes last | Plaintiffs' Motions for Summary Judgment, which will not exceed 40 pages for each group of Plaintiffs. |
|---|---|
| 60 days after Plaintiffs file their motions for summary judgment | Federal Defendants' Combined Oppositions to Motions for Summary Judgment and Cross-Motions for Summary Judgment, which will not exceed a total of 120 pages. |
| 21 days after Defendants' Combined Opposition to Motions for Summary Judgment and Cross-Motion for Summary Judgment | Intervenor-Defendants' Combined Oppositions to Motions for Summary Judgment and Cross-Motions for Summary Judgment.  State-Intervenors' Combined Opposition and Cross-Motion will not exceed 25 pages.  Industry-Intervenors' Combined Opposition and Cross-Motion will not exceed 25 pages.  Private-Landowner-Intervenors' Combined Opposition and Cross-Motion will not exceed 25 pages. |
| 30 days after Intervenor-Defendants' Combined Oppositions to Motion for Summary Judgment and Cross-Motions for Summary Judgment | Plaintiffs' Combined Replies in Support of Motions for Summary Judgment and Oppositions to Cross-Motions, which not to exceed 25 pages for each group of Plaintiffs. |
| 30 days after Plaintiffs' Combined Replies in Support of Motions for Summary Judgment and Oppositions to Cross-Motions for Summary Judgment | Defendants' Replies in Support of Cross-Motion for Summary Judgment.  Defendants shall file one brief, which will not exceed 65 pages. |
| 14 days after Defendants' Reply in Support of Cross-Motion for Summary Judgment | Intervenor-Defendants' Replies in Support of Cross-Motions for Summary Judgment.  State-Intervenors' Reply will not exceed 15 pages.   Industry-Intervenors' Reply will not exceed 15 pages.   Private-Landowner-Intervenors' Reply will not exceed 15 pages. |
| Earliest available date no sooner than 21 days after summary judgment briefing completed | Hearing on Cross-Motions for Summary Judgment |

If necessary, the parties may seek leave to modify the page limitations.

With regard to the filing of the administrative record, Plaintiffs' position is that Defendants are required to provide a privilege log for any documents that are withheld based on an asserted privilege.  *See, e.g., Sierra Club v. Zinke*, 2018 WL 3126401, *5 (N.D. Cal. June 26, 2018) ("Privilege logs are required when a party intends to withhold documents based on the deliberative process privilege"); *Regents of University of California v. U.S. Dep't of Homeland Security*, 2018 WL 1210551, *6 (N.D. Cal. Mar. 8, 2018) ("Every court in this district to consider

the issue … has required administrative agencies to provide a privilege log in withholding documents that otherwise belong in the administrative record").

Federal Defendants' position is that the administrative record consists of non-privileged, non-deliberative documents relating to the challenged final agency actions. *See Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019).  A privilege log therefore is inapposite because no privileged documents are being "withheld." *See ASSE Int'l v. Kerry*, 2018 WL 3326687, at \*2 (C.D. Cal. Jan. 3, 2018) (concluding that the Ninth Circuit has recognized, "in principle," that "privileged materials are not part of the administrative record in the first instance"). As such, Plaintiffs' position set forth above more accurately contests the scope and contents of the administrative record, which constitutes a dispute that should be not be decided in the abstract before the administrative record(s) are filed. Instead, if after reviewing the record(s) and agency certifications, Plaintiffs have a dispute over the scope and contents of the record(s) that the parties are unable to resolve following good faith conferral, Plaintiffs should file a motion and raise that dispute with the Court under to the procedures for resolving disputes over the administrative record set forth above. *See Cook Inletkeeper v. EPA*, 400 F. App'x 239, 240 (9th Cir. 2010) (denying motion to supplement the record and prepare a privilege log because the movant failed to present "clear evidence" of a deficiency).

18. Trial

A trial is not anticipated in this record review case.  The parties anticipate that the summary judgment hearing will require 2 to 4 hours.

19. Disclosure of Non-party Interested Entities or Persons

All required disclosure statements have been filed.

20. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. Other

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The parties are not aware of any other matters that may facilitate the just, speedy, and inexpensive resolution of this matter.

In compliance with Local Rule 5-1(i), the filer of this document attests that all signatories listed have concurred in the filing of this document.

Joint Case Management Statement and Proposed Order - Case No. 4:19-cv-06812-JST

Dated:  June 23, 2020

Respectfully submitted,

/s/ Clement Roberts
CLEMENT ROBERTS (CSBA # 209203)
DANIEL S. GUERRA (CSBA # 267559)
KOUROSH JAHANSOUZ (CSBA # 292559)
ORRICK, HERRINGTON & SUTCLIFFE
LLP
405 Howard Street
San Francisco, CA 94105
Telephone:    (415) 773-5700
Facsimile:    (415) 773-5759
croberts@orrick.com
dguerra@orrick.com
kjahansouz@orrick.com

EMMANUEL FUA (CSBA # 284563)
ORRICK, HERRINGTON & SUTLIFFE LLP
51 West 52nd Street
New York, NY 10019
Telephone:    (212) 506-5000
Facsimile:    (212) 506-5151
efua@orrick.com

*Attorneys for ANIMAL LEGAL DEFENSE
FUND*

XAVIER BECERRA
Attorney General of California
DAVID A. ZONANA
DAVID A. ALDERSON
Supervising Deputy Attorneys General

/s/ George Torgun
GEORGE TORGUN
ERIN GANAHL
TARA L. MUELLER
Deputy Attorneys General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA  94612-0550
Telephone: (510) 879-1002
Fax: (510) 622-2270
Email:  George.Torgun@doj.ca.gov

MAURA HEALEY
Attorney General of Massachusetts

/s/ Matthew Ireland
MATTHEW IRELAND (*pro hac vice*)
TURNER SMITH (*pro hac vice*)
Assistant Attorneys General
Office of the Attorney General

Environmental Protection Division
One Ashburton Place, 18th Floor
Boston, MA 02108
Telephone:  (617) 727-2200
Email:  Matthew.Ireland@mass.gov
Email:  Turner.Smith@mass.gov


BRIAN E. FROSH
Attorney General of Maryland

/s/ Steven J. Goldstein
STEVEN J. GOLDSTEIN (*pro hac vice*)
Special Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
Telephone:  (410) 576-6414
Email:  sgoldstein@oag.state.md.us

*Attorneys for State Plaintiffs*


 /s/ Kristen L. Boyles

KRISTEN L. BOYLES (CSBA # 158450)
PAULO PALUGOD (NYB # 5047964)
[*Admitted Pro Hac Vice*]
EARTHJUSTICE
810 Third Avenue, Suite 610
Seattle, WA  98104
Ph:  (206) 343-7340
kboyles@earthjustice.org
ppalugod@earthjustice.org

*Attorneys for Plaintiffs Center for Biological
Diversity, Defenders of Wildlife, Sierra Club,
National Parks Conservation Association,
WildEarth Guardians, and The Humane
Society of The United States*

ANDREA A. TREECE (CSBA # 237639)
EARTHJUSTICE
50 California Street, Suite 500
San Francisco, CA 94111
Ph:  (415) 217-2089
atreece@earthjustice.org

*Local Counsel for Plaintiffs*

REBECCA RILEY (ISBA # 6284356)
[*Admitted Pro Hac Vice*]
NATURAL RESOURCES DEFENSE
COUNCIL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

20 North Wacker Drive, Suite 1600
Chicago, IL 60606
Tel: 312-651-7900
rriley@nrdc.org

*Attorney for Natural Resources Defense
Council*

KARIMAH SCHOENHUT (DCBA
#1028390)
SIERRA CLUB
[*Admitted Pro Hac Vice*]
50 F. St. NW, 8th Floor
Washington, DC  20001
Tel: 202-548-4584
karimah.schoenhut@sierraclub.org

*Attorney for Sierra Club*

RYAN ADAIR SHANNON (OSBA #
155537)
[*Admitted Pro Hac Vice*]
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 11374
Portland, OR 97211
Tel: 503-283-5474 ext. 407
rshannon@biologicaldiversity.org

*Attorney for Center for Biological Diversity*

Joint Case Management Statement and Proposed Order - Case No. 4:19-cv-06812-JST

1

2   Dated:  June XX, 2020                              /s/ Coby Healy Howell
                                                       Coby Healy Howell
3                                                      U.S. Dept. of Justice
                                                       Environment and Natural Resources Division
4                                                      c/o U.S. Attorney's Office, 1000 SW Third
                                                       Avenue, Suite
5                                                      Portland, OR  97204
                                                       Telephone: (503) 727 1023
6                                                      Fax: (503) 727 1117
                                                       Email: coby.howell@usdoj.gov
7

8                                                       /s/ Michael Richard Eitel
                                                       Michael Richard Eitel
9                                                      U.S. Department of Justice
                                                       Environment and Natural Resources Division
10                                                     Wildlife and Marine Resources Section
                                                       999 18th Street, Suite 370
11                                                     Denver, Colorado 80202
                                                       Telephone: (303) 844-1479
12                                                     Fax: (303) 844-1350
                                                       Email: michael.eitel@usdoj.gov
13

14                                                     *Attorneys for Federal Defendants*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joint Case Management Statement and Proposed Order - Case No. 4:19-cv-06812-JST

| | |
|---|---|
| 1 | |
| 2 | Dated: June 23, 2020 |

BAKER BOTTS LLP

/s/ Navi Singh Dhillon
Navi Singh Dhillon( SBN 279537)
Christopher J. Carr (SBN 184076)
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, California 94111
Telephone:  (415) 291-6200
Email: Navi.Dhillon@BakerBotts.com

Scott A. Keller (*pro hac vice*)
BAKER BOTTS LLP
700 K Street NW
Washington, DC 20001
Telephone:  (202) 639-7700
Email: Scott.Keller@BakerBotts.com

Counsel for Industry Defendant-Intervenors
AMERICAN FARM BUREAU FEDERATION,
AMERICAN FOREST RESOURCE COUNCIL,
AMERICAN PETROLEUM INSTITUTE,
FEDERAL FOREST RESOURCE COALITION,
NATIONAL ALLIANCE OF FOREST OWNERS,
NATIONAL ASSOCIATION OF HOME
BUILDERS, NATIONAL CATTLEMEN'S BEEF
ASSOCIATION, and PUBLIC LANDS COUNCIL

STEVE MARSHALL
Attorney General of Alabama

/s/ Edmund G. LaCour Jr.
Edmund G. LaCour Jr. (*pro hac vice*)
Solicitor General
James W. Davis (*pro hac vice*)
Deputy Attorney General
A. Barrett Bowdre (*pro hac vice*)
Deputy Solicitor General
Office of the Alabama Attorney General
501 Washington Ave.
P.O. Box 300152
Montgomery, AL 36130
Telephone: (334) 353-2196
Fax: (334) 353-8400
E-mail: edmund.lacour@AlabamaAG.gov
jim.davis@AlabamaAG.gov
barrett.bowdre@AlabamaAG.gov

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ Paul Beard II
Paul Beard II (SBN 210563)
FisherBroyles LLP
5670 Wilshire Blvd., Ste. 1800
Los Angeles, CA 90036-5653
Telephone: (818) 216-3988
Fax: (213) 402-5034
E-mail: paul.beard@fisherbroyles.com

TIMOTHY C. FOX
Attorney General of Montana

/s/ Melissa Schlichting
Melissa Schlichting (SBN 220258)
Deputy Attorney General
Montana Department of Justice
215 N. Sanders St., P.O. Box 201401
Helena, MT 59620-1401
Telephone: (406) 444-2026
Fax: (406) 444-3549
E-mail: MSchlichting@mt.gov

*Attorneys for State Intervenors*

Joint Case Management Statement and Proposed Order - Case No. 4:19-cv-06812-JST

Dated: June 23, 2020

/s/ Jonathan Wood
Jonathan Wood (SBN 285229)
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd., Ste. 610
Arlington, VA 22201
Telephone:   (202) 888-6881
Email: jwood@pacificlegal.org

Damien M. Schiff (SBN 235101)
Email: dschiff@pacificlegal.org
Charles T. Yates (SBN (327704)
Email: cyates@pacificlegal.org
930 G St
Sacramento, CA 95814
Telephone:   (916) 419-7111

Counsel for Private-Landowner-Intervenors
KENNETH KLEMM, BEAVER CREEK
BUFFALO CO., WASHINGTON CATTLEMEN'S
ASSOCIATION, and PACIFIC LEGAL
FOUNDATION.

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on June 23, 2020, I electronically filed the foregoing document with

3

the Clerk of the Court using the CM/ECF system, which will send notifications of this filing to

4

the attorneys of record and all registered participants.

5

6

/s/ Clement Roberts

7

CLEMENT ROBERTS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Joint Case Management Statement and Proposed Order - Case No. 4:19-cv-06812-JST